MICAELA ESCARTÍN VDA. DE QUIÑONES, ET ALS., demandantes y apelados, *v.* RAMÓN VALDÉS, JOAQUÍN BURSET y MIGUEL SUCH, actuales miembros que componen la COMISIÓN DE LA POLICÍA INSULAR, y HON. RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandados y apelantes.

Núm. 7307.—*Sometido:* Enero 11, 1938. *Resuelto:* Febrero 18, 1938.

*Hon. Procurador General B. Fernández García* y *Emilio de Aldrey,*
*Subprocurador,* abogados de los apelantes; *Cayetano Coll y Cuchí*
y *Víctor A. Coll,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del
tribunal.

Es ésta una acción ordinaria en cobro de dinero dirigida
contra los miembros de la Comisión de la Policía Insular y
el Tesorero de Puerto Rico. Alega la demandante que de
acuerdo con la ley (núm. 68) de 16 de julio de 1921 (pág.
653) "para establecer el retiro de los miembros del cuerpo de
la Policía Insular de Puerto Rico y fijar reglas a dicho efecto",
enmendada por las leyes núms. 86, 30 y 44, de 20 de agosto de
1926, 20 de abril de 1929 (Leyes de 1929, (1) pág. 197), y
28 de abril de 1930 (Leyes de 1930, pág. 359), respectivamente,
fué pensionada por la Comisión de la Policía Insular, y que
el día 3 de mayo de 1931 en que fué derogada la referida ley,
tenía devengada y sin pagar, por concepto de la pensión con-
cedida, la suma de $4,462, la cual no le ha sido satisfecha.

Se alega además que la demandante es una persona de
una clase y que en las mismas condiciones que ella se encuen-
tra un número de personas que se mencionan en la demanda,
entablando esta acción como tal persona de una clase por sí
y para beneficio de las demás que se encuentran en sus mis-
mas condiciones.

Alegaron los demandados que la demanda no aducía he-
chos suficientes para determinar una causa de acción, y la
corte inferior declaró con lugar la excepción previa, esti-
mando que no procedía la referida acción y sí un recurso de
*mandamus.* No siendo la demanda susceptible de enmienda
en cuanto a este particular, el tribunal inferior dictó senten-
cia declarando sin lugar la demanda. Apeló la demandante
ante este tribunal, que revocó la sentencia recurrida por en-
tender que procedía la acción en cobro de dinero. (*Escartín
v. Comisión de la Policía Insular,* 47 D.P.R. 502.)

Devuelto el caso a la corte inferior, los demandados ad-
mitieron todos los hechos esenciales de la demanda, adu-

ciendo como única defensa que el fondo de pensiones creado a virtud de la legislación en que se ampara la demandante quedó agotado el día 3 de mayo de 1931, que la nueva legislación no dispone medios para atender al pago de las pensiones atrasadas, y que por ello la comisión demandada se encuentra imposibilitada de hacer efectivas las pensiones reclamadas en esta acción.

Solicitó la demandante sentencia sobre las alegaciones y el tribunal inferior, de acuerdo con lo solicitado, declaró con lugar la demanda, condenando a los demandados a satisfacer la cantidad adeudada a la demandante y las que se adeudan por igual concepto a las personas relacionadas en la demanda, para cuyo beneficio interpone también esta acción la referida demandante. De esta sentencia apelan los demandados, alegando que la corte inferior erró al resolver que la demandante tenía un derecho adquirido sobre las referidas pensiones devengadas y no pagadas y que por ello procedía declarar con lugar la demanda interpuesta.

 El punto suscitado por los apelantes fué objeto de consideración en nuestra anterior resolución, en el curso de la cual se citaron numerosos casos tendientes a demostrar que pensiones devengadas y no pagadas constituyen un derecho adquirido. (*Escartín* v. *Comisión de la Policía Insular,* supra.) Los apelantes no mencionan siquiera las autoridades a que nos referimos en la opinión entonces emitida ni tampoco citan caso alguno en pugna con el criterio sostenido por esas autoridades. Tampoco hemos podido encontrar nosotros principio alguno en contra de la referida doctrina, que nos parece justa y razonable. La discusión más reciente sobre la facultad general del poder legislativo para dar por terminada una pensión o modificar la que ha sido concedida aparece en el caso de *City of Dallas* v. *Trammell,* 101 S. W. (2d) 1009, resuelto por la Corte Suprema de Tejas en febrero 11, 1937. De las numerosas autoridades citadas en dicho caso se desprende que al discutir este problema las cortes siempre parten de la base de que las pensiones deven-

gadas y no satisfechas constituyen un derecho adquirido. Debe, desestimarse el error apuntado.

■ Arguyen los apelantes, sin asignarlo como error, que es improcedente la acción en cobro de dinero cuando se demuestra, como en este caso, que no existen fondos disponibles para el pago de la sentencia, la cual sería académica. A nuestro juicio, la procedencia o no de la acción en cobro de dinero es una cuestión que no puede discutirse en este recurso, por haberse decidido en el caso apelado y resuelto por este tribunal. Como bien dice el Juez Kenyon en el caso de *Illinois Cent. R. Co.* v. *Crail*, 31 F. (2) 111, ''aunque las cortes tienen la facultad de desechar la regla de la ley del caso (*law of the case*) en interés de la justicia, la práctica general de los tribunales es negarse a considerar de nuevo lo que ya ha sido resuelto.'' La ley de este caso es que procede la acción en cobro de dinero. En nada se perjudica el interés de la justicia con la aplicación de la regla citada. Aunque así no fuera, el argumento de los apelantes carece de mérito. No ha de ser necesariamente académica la sentencia en este caso, por el hecho de que los demandados carezcan de fondos para satisfacerla. No son académicas las sentencias contra el Pueblo de Puerto Rico en las acciones de daños y perjuicios a que se refiere la ley núm. 76 de 13 de abril de 1916 (Leyes de 1916, pág. 155) según ha sido enmendada, por el hecho de que no exista asignación alguna para hacerlas efectivas. Aunque haya que proveer los fondos necesarios para su ejecución mediante acción legislativa, el estatuto citado expresamente autoriza demandas que podrían culminar en sentencias contra El Pueblo de Puerto Rico.

*Debe confirmarse la sentencia apelada.*