Manuel A. Frías, demandante y apelado, *v.* José y Faustino Berríos Sánchez, demandados y apelantes.

Núm. 7961.—*Sometido:* Febrero 20, 1941. *Resuelto:* Febrero 28, 1941.

*F. González Fagundo,* abogado de los apelantes; *Géigel & Silva,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Manuel A. Frías, médico cirujano, demandó a José y a Faustino Berríos en reclamación de mil quinientos dólares de honorarios por servicios médicos prestados a Jesús

Berríos. Éste falleció y sus hijos los demandados fueron declarados sus únicos y universales herederos.

Contestaron los demandados negando la prestación de los servicios y el valor de los mismos.

Fué el pleito a juicio y la corte lo resolvió por sentencia condenando a los demandados al pago de setecientos cincuenta dólares, intereses legales sobre esa suma desde la notificación de la demanda hasta el completo pago de la misma, con más las costas.

Apeló la parte perdidosa. Señala como errores los cometidos a su juicio por la corte al fijar el valor razonable de los servicios, al dictar una sentencia que no está sostenida por la prueba y al imponer las costas y el pago de intereses. Argumenta largamente en apoyo de las posiciones que adopta.

■ La solución de este caso es sencilla. Los demandados apelantes que comenzaron negando la prestación de los servicios médicos a su causante, terminan por aceptar dicha prestación, tratando entonces de impugnar el valor de cada uno de ellos en particular y de todos en conjunto, sin razón a nuestro juicio porque el valor lo fijó la corte basándose en la propia declaración del perito que ellos mismos presentaron.

Ese perito fué el Doctor Manuel Díaz García, médico cirujano. Después de contestar haciendo consideraciones generales y valoraciones específicas de los varios servicios profesionales prestados por el demandante al causante de los demandados, copiando textualmente del récord, declaró:

"A preguntas del señor Juez el Doctor Díaz García contestó que tuvo en sus manos la minuta que se llama *Bill* de particulares: que hace dos días el Lcdo. González Fagundo se la había suministrado. Que teniendo en cuenta que el médico en este caso va a la casa del paciente a hacer esos trabajos que se dicen ahí, tasando todo el trabajo en conjunto sin tener en cuenta el valor sentimental porque eso es inapreciable y teniendo en cuenta que se trata de un paciente de una posición económica relativa y que el médico tenía que sacrificar el tiempo y tenía que estar pendiente de la salud del enfermo y dejar compromisos y otras cosas para atender al caso, el valor del trabajo aumenta considerablemente y no aumentaría si fuera una

persona que lo fuera a llamar esporádicamente cada cuatro o cinco días para una visita. Que considera que la minuta de particulares está subida haciendo un cálculo prudente a un cincuenta por ciento. Admitiendo desde luego que se trata de un enfermo que necesita atención constantemente no solamente la visita sino que tiene uno que estar pendiente de la hora de su visita y pendiente de su llamada a cualquier hora teniendo uno que dejar otras atenciones y compromisos: que en la minuta de particulares se le ha dado un valor a los servicios de $1,500 y cree que todo eso podrá valer de $750 a $900. Yo he hecho un estimado del *bill* que se me presenta calculándolo inflado en un cuarenta o cincuenta por ciento.

''Los demandados admiten que Don Jesús Berríos es un paciente que podía tener de $30,000 a $40,000 de capital.''

Esa fué la síntesis de su declaración hecha por el mismo perito, la substancia de la misma. Y a ella se ajusta la sentencia.

■ Tratar de analizar partida por partida de la cuenta de honorarios y luego obtener la suma total de la valoración dada a cada una que es lo que hacen los apelantes en su alegato para llegar a la suma de $410, es uno de los métodos a seguir en estos casos para la fijación del valor justo y razonable de los servicios, pero existen otros elementos a considerar de acuerdo con las circunstancias que en cada caso concurren y esos otros elementos fueron tomados en cuenta por el perito de los demandados al hacer sus manifestaciones finales contestando al juez sentenciador, fijando su criterio definitivo sobre el justo valor de los servicios reclamados apreciados en conjunto.

Los dos primeros errores no fueron, pues, cometidos. La sentencia se basa en la prueba y no es claramente irrazonable la valoración de los servicios, tomadas en consideración todas las circunstancias concurrentes.

■ Tampoco se cometió el tercero y último de los errores señalados, el relativo a costas e intereses. Si en vez de negar la prestación de los servicios, los demandados hubieran ofrecido pagar por ellos una suma razonable que se hubiera por lo menos acercado a la estimada como justa por la corte en

el caso de no haberla aceptado el demandante, entonces se hubieran puesto a salvo de intereses y costas, pero no lo hicieron, y habiendo perdido finalmente, sufren las consecuencias de sus propios actos. Ahora bien, lo que sí exige modificación es la fecha desde que empieza el cobro de los intereses que debe ser la del registro de la sentencia y no la de la notificación de la demanda, ya que la reclamada no fué una suma líquida. Véase 8 Manresa, Comentarios al Código Civil, pág. 103, y Escriche, Diccionario de Legislación y Jurisprudencia, tomo 3º., pág. 941.

*Debe modificarse en ese sentido la sentencia apelada y así modificada confirmarse.*

El Juez Asociado Sr. Todd, Jr., no intervino.