LORENZA ROSARIO, representada por su apoderado ALFREDO CORTÉS, demandante y apelada, *v.* SANTIAGO RUIZ LÓPEZ y su esposa VICTORIA LAABES ACEVEDO, demandados; VALENTÍN POLANCO DE JESÚS, apelante.

Núm. 8869.—*Sometido:* Enero 17, 1944. *Resuelto:* Febrero 10, 1944.

V. *Polanco de Jesús, pro se; Angel Rivera Colón,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En pleito seguido por Lorenza Rosario contra Santiago Ruiz y su esposa en ejecución de hipoteca por la vía ordinaria, se condenó a los demandados a pagar determinadas cantidades con sus intereses respectivos y *al pago de las costas que se devengaren para la ejecución de la sentencia.* Sacadas a subasta las fincas hipotecadas, fueron adjudicadas a la demandante, y se le otorgó la correspondiente escritura de venta judicial. Pero al presentar dicha escritura en el Registro de la Propiedad resultó que una de las fincas así adjudicadas a la demandante había sido adquirida *pendente lite* por Valentín Polanco, quien la había inscrito a su nombre. La demandante instó entonces los procedimientos necesarios a fin de que en el plazo de diez días el comprador pendénte lite pagase

aquella parte del importe de la sentencia dictada contra los anteriores dueños Santiago Ruiz y su esposa, que garantizaba la finca por él comprada, o de lo contrario se ordenaría la cancelación de la inscripción que se había practicado a favor de dicho comprador pendente lite. Se opuso el comprador pendente lite y la corte finalmente declaró con lugar la moción de la demandante. Apeló el comprador pendente lite para ante este tribunal, dictándose aquí la siguiente sentencia:

"Por los motivos consignados en la opinión que antecede, se modifica la resolución apelada que dictó la Corte de Distrito de Arecibo con fecha 10 de diciembre de 1942, en el sentido de ordenar al apelante Valentín Polanco de Jesús que, con el fin de conservar a su nombre la inscripción de la finca A aquí envuelta, pague a la demandante Lorenza Rosario las siguientes cantidades: (1) $4,000, más intereses al 12 por ciento desde el 1 de septiembre de 1937 hasta el 26 de mayo de 1942, fecha de la sentencia de la Corte de Distrito de Arecibo; (2) $138.12, cantidad pagada por la demandante por contribuciones adeudadas e intereses, más intereses al 12 por ciento desde el 16 de diciembre de 1941, fecha en que se pagó dicha suma, hasta el 26 de mayo de 1942; (3) intereses legales al 6 por ciento sobre $4,138.12 desde la referida fecha de la sentencia, 26 de mayo de 1942, hasta la fecha de su pago; y (4) las costas." *Rosario* v. *Ruiz*, 62 D.P.R. 326, 331–2.

Se remitió el mandato el 2 de agosto de 1943, pero antes de dicha fecha, es decir, el 28 de julio de 1943, el comprador pendente lite, en satisfacción de la sentencia, consignó en la secretaría de la corte inferior las siguientes cantidades:

| | |
|---|---:|
| Capital | $4,000.00 |
| Intereses de este capital según la sentencia | 2,280.00 |
| Contribuciones | 138.12 |
| Intereses | 7.60 |
| Intereses de $4,138.12 por un año | 248.28 |
| Intereses por dos meses | 41.40 |
| Total | $6,715.40 |

La demandante apelada se opuso a la consignación por los siguientes motivos:

(1) Porque la sentencia de este Tribunal modificando la de la corte inferior impuso el pago de las costas, y no habiéndose entonces radicado el correspondiente memorándum de costas, el comprador pendente lite no las había incluído ni podía incluirlas en la consignación; y

(2) Porque la consignación fué hecha el 30 de julio de 1943, y los intereses sobre la suma principal se habían calculado por el comprador pendente lite hasta el 26 de dicho mes, faltando por consiguiente el importe de cuatro días de intereses.

Pocos días después el comprador pendente lite consignó la cantidad de $2.76, importe de los intereses que faltaban.

En el mes de agosto de 1943 (el día aparece en blanco), la demandante radicó su memorándum de costas por la cantidad de $59.35. El día 10 de agosto de 1943 lo impugnó el comprador pendente lite porque según alegaba se había radicado fuera de término; y para el caso de que no prosperase su contención, impugnó por improcedente todas las partidas con excepción de la marcada con el número 5.

Sometidos la moción de consignación y el memorándum de costas, la corte inferior, el 2 de diciembre de 1943, aprobó cinco partidas del memorándum de costas, las que dada la conclusión a que llegaremos no es necesario especificar.

En lo que a la consignación respecta, especificó las partidas que según ella el comprador pendente lite debería consignar y le concedió cinco días a partir de la notificación de la resolución para que completase las que faltaban.

El día 6 de diciembre de 1943 el comprador pendente lite apeló, expresando en su escrito de apelación que apelaba de aquella parte de la resolución que le condenaba a pagar las cinco partidas antes dichas y de la que le ordenaba consignar intereses a razón de 6 por ciento anual sobre $4,138.13 desde la fecha de la consignación hasta aquella en que se dictó la resolución apelada, o sea el 2 de diciembre de 1943.

██ ██ La sentencia en el caso seguido por Lorenza Rosario contra Santiago Ruiz y su esposa fué dictada el 26 de mayo de 1942 y en lo que respecta a costas sólo imponía "las costas que se devenguen para la ejecución de la sentencia." Para aquella fecha ya había sido enmendado el artículo 327 del Código de Enjuiciamiento Civil por las leyes números 69 y 94, de 11 de mayo de 1936 y 11 de mayo de 1937, respectivamente. Dicho artículo, según quedó enmendado, impone a la corte sentenciadora el deber ministerial de conceder las costas a la parte a cuyo favor se dicte cualquier sentencia o resolución. En ninguna parte de la ley se autoriza la imposición parcial de costas. Consecuentemente, el pronunciamiento de costas en la forma en que se hizo en la citada sentencia de 26 de mayo de 1942 fué erróneo, pero como la parte perjudicada por el error, Lorenza Rosario, no apeló de dicho pronunciamiento, el mismo quedó firme, y tenemos que aceptarlo a todos los efectos legales según fué dictado.

██ Para la fecha en que se dictó dicha sentencia por la corte inferior, también había sido ya enmendado el artículo 339 del Código de Enjuiciamiento Civil, por la Ley núm. 69 de 11 de mayo de 1936. Con arreglo a este último artículo, según fué enmendado, el memorándum de costas debe ser presentado dentro de los diez días después de notificada la sentencia. Como el memorándum de costas no fué presentado hasta el mes de agosto de 1943, y la sentencia se dictó el 26 de mayo de 1942, es evidente que fué presentado fuera del término concedido por la ley. Siendo ello así, la demandante perdió su derecho a recobrar "las costas que se devenguen para la ejecución de la sentencia," impuestas en la de 26 de mayo de 1942.

██ ██ La demandante apelada y la corte inferior interpretan la sentencia de este tribunal, según quedó enmendada el 21 de julio de 1943, antes transcrita, en el sentido de que se confirmaba el pronunciamiento de costas hecho por la corte

inferior y se concedían además costas por primera vez en apelación.

Interpretando así nuestra citada sentencia, la demandante apelada invoca el artículo 340 del Código de Enjuiciamiento Civil, dispositivo entre otras cosas de que siempre que una corte de apelación concediere costas a una parte, será deber de dicha parte presentar su memorándum de costas dentro de los treinta días siguientes a la devolución del mandato. Pero esa interpretación de nuestra sentencia es errónea. Como dijéramos antes, la demandante Lorenza Rosario no apeló del pronunciamiento por el cual se le concedieron menos costas de las que con arreglo a la ley le correspondían, ni presentó su memorándum de costas dentro de los diez días siguientes a la notificación de la sentencia conforme requiere el artículo 339 del Código de Enjuiciamiento Civil. Si la demandante había presentado o no dicho memorándum de costas en la corte inferior era una cuestión que no constaba a este tribunal al dictar su sentencia el 7 de julio de 1943, modificada en 21 de julio del mismo año. Por el contrario, debíamos suponer que la demandante había sido diligente en la protección de sus derechos y por consiguiente que se había presentado el memorándum de costas en tiempo y forma. Como el efecto de nuestra citada sentencia era determinar lo que el comprador pendente lite debía pagar por concepto de la dictada contra sus causantes Santiago Ruiz y su esposa, y como en dicha sentencia de la corte interior se imponían las costas, aunque en la forma limitada en que hemos dicho, el pronunciamiento de costas en la sentencia de este tribunal no podía ir más lejos de lo que fué el de la corte inferior y por consiguiente las costas impuestas por nosotros no fueron otras que ''las costas que se devenguen para la ejecución de la sentencia'' impuestas por la corte inferior y consentidas por la demandante, que no apeló de dicho pronunciamiento. Parece claro que si el derecho a recobrar esas costas limitadas lo había perdido la demandante por no

presentar el memorándum de costas dentro del término prescrito por la ley, nuestra sentencia no podía revivir ese derecho y por consiguiente nuestro pronunciamiento de costas resultó académico por la inactividad de la propia demandante .

■ Pasemos ahora a la consignación en satisfacción de la sentencia.

La sentencia de este tribunal, modificada, como hemos dicho, en 21 de julio de 1943, específicamente determinó lo que debía satisfacer el comprador pendente lite para que la propiedad por él comprada quedase liberada de la sentencia obtenida contra sus causahabientes Santiago Ruiz y esposa. El comprador pendente lite se ajustó estrictamente a la sentencia de este tribunal al hacer la consignación, completada después por la cantidad de $2.76 que faltaba de intereses.

Siendo ello así, *procede revocar la resolución apelada y dictar otra declarando bien hecha la consignación y totalmente satisfecha la parte de la sentencia que debía pagar el comprador pendiente lite, con todos sus efectos legales.*