Domingo Martínez, demandante y apelado, v. Enrique Báez y Great American Indemnity Co. de New York, demandados y apelantes.

Núm. 8872.—*Sometido:* Abril 14, 1944. *Resuelto:* Junio 7, 1944.

*Hugh R. Francis,* abogado de los apelantes; *Baldomero Freyre,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Se trata de un caso de daños y perjuicios. De acuerdo con la apreciación que de la prueba hizo la corte inferior consideró probados los siguientes hechos:

"Que el demandado Enrique Báez, en su carácter de contratista de obras, celebró un contrato con el Municipio de San Germán en 18 de diciembre de 1939, mediante el cual se adjudicó a dicho deman-

dado la construcción de las acometidas a las casas en relación con el sistema de alcantarillado de dicho municipio; que en la construcción de dichas obras el demandado Báez abrió, por medio de sus empleados o agentes, una excavación como de un pie de ancho por seis de profundidad en la acera Este de la calle Salud de San Germán; y que en 16 de abril de 1940, como entre 7:30 a 8:00 p. m., mientras el demandante caminaba por dicha acera, por donde tenía perfecto derecho a caminar, se cayó en la antes mencionada excavación recibiendo las lesiones que se especifican en la demanda, y de donde tuvo que ser sacado por varias de las personas que declararon en el juicio como testigos del demandante. Quedó asimismo probado, a entera satisfacción de esta corte, que a pesar del demandado Báez haber abierto la excavación en cuestión, y de la que no tenía conocimiento alguno el demandante, dicho demandado no impidió la continuación del tránsito por dicha acera ni puso señal alguna en la proximidad del sitio de peligro, que advirtiera al demandante o a cualquier persona que existía dicha excavación o zanja, ni expuso en sitio visible o en sitio alguno llamada, cartelón, aviso, ni luz roja o luz alguna en prevención del peligro existente; que en el momento del accidente el demandado Báez estaba asegurado con la demandada Great American Indemnity Co., según póliza #LC-66825, en vigencia dicha póliza, contra la suma de $5/10,000 en forma en que dicha demadada se comprometió a asumir cualquier responsabilidad en que el demandado Báez incurriera por daños y perjuicios personales ocasionados en la construcción de las acometidas. Se probó además por el demandante que la causa única, inmediata, próxima y existente de dicho accidente fué la culpa y negligencia del demandado Báez, por no poner señal o aviso de clase alguna en las proximidades de la excavación para advertir el peligro y permitir que la misma quedara sin protección de clase alguna, y que dicha negligencia es imputable a la demandada Great American Indemnity Co.; que el demandante recibió lesiones en dicho accidente, consistentes en una extensa y fuerte contusión en el costado izquierdo que produjo un estado marcado de choque traumático con fractura de la décima costilla izquierda, en pleuritis seca subyacente al trauma en dicho costado izquierdo, y en heridas leves y laceraciones en los muslos y los brazos. Se estableció además por el demandante a satisfacción de la corte que como consecuencia del accidente él tuvo que guardar cama por espacio de cuatro semanas y que los golpes recibidos, especialmente la fractura de la décima costilla izquierda, y la curación de dichos golpes, le causaron dolores agudos, gran agonía

mental y padecimientos físicos y morales y que estuvo asistido por el Dr. Nicolás Sanabria, de San Germán, quien se trasladaba dos o tres veces a la semana a Sabana Grande a la casa del demandante, para prestarle sus servicios médicos, desde abril 16 de 1940 a mayo de 1940; quedó asimismo demostrado ampliamente que los servicios prestados por el Dr. Sanabria al demandante durante el período de su curación fueron necesarios para el restablecimiento del demandante y que los honorarios reclamados por estos servicios son razonables. . . .''

En cuanto a la defensa de los demandados al efecto de que el demandante fué culpable de negligencia contributoria, dijo la corte:

''. . . Ni un ápice de prueba adujeron los demandados para substanciar esta alegación. Ni el más leve asomo de prueba hubo para demostrar que el demandante caminaba en forma descuidada o atolondrada, según alegaran los demandados. Nada hay en la prueba del caso que demuestre que el demandante tenía conocimiento de que la zanja de la acera de la calle Salud estuviese abierta. No pudieron los demandados establecer, ni siquiera remotamente, que el demandante se expusiera intencionalmente a un peligro por él conocido. Nada hay en la prueba de los demandados que demuestre que el demandante dejara de poner razonable atención a sus alrededores, o dejara de ejercitar razonable cuidado o diligencia para evitar un peligro por él percibido en la acera. (*Font* v. *Viking Construction Co.*, 58 D.P.R. 698).

''Por el contrario la prueba demuestra que el demandante se vió obligado a caminar por la acera, que era el sitio por donde podía andar, ya que la tierra en la calle hacía imposible el tránsito y tenía el demandante derecho para creer que la zanja en que cayó, de existir, estaría protegida. No fué culpable de negligencia contributoria el demandante al caminar por la acera, sitio por donde tenía derecho a andar y donde tenía derecho a creer que la misma estaba en buenas condiciones, e irse dentro de la zanja en ausencia de conocimiento de que existía una excavación sin la debida protección. (*Blanco* v. *Municipio de Mayagüez*, 57 D.P.R. 482. Mucho menos, cuando quedó demostrado a satisfacción de la Corte que la visibilidad en el sitio del accidente era pobre por ser un sitio oscuro.''

Los demandados establecieron el presente recurso de apelación contra la sentencia que los condenó a pagar $1,100 de

indemnización al demandante, y además $200, importe de los servicios médicos prestados por el Dr. Sanabria al demandante, y $200 de honorarios de abogado. Imputan a la corte sentenciadora la comisión de siete errores. Varios de ellos son claramente frívolos y por tanto sólo consideraremos aquéllos que se refieren a la apreciación que de la prueba hizo la corte sentenciadora.

■ Hemos leído las declaraciones prestadas por los testigos de ambas partes y somos de opinión que no hay nada en el récord que justifique que resolvamos, como pretenden los apelantes, que la corte inferior erró al dirimir el conflicto que existe en la prueba a favor del demandante o que al apreciarla actuara movida por pasión, prejuicio o parcialidad. El caso de autos cae de lleno dentro de la doctrina ya establecida por esta corte en los casos de *Font* v. *Viking Construction Corp.*, 58 D.P.R. 689 y *Davidson* v. *Hettinger*, 62 D.P.R. 301, y nada podemos agregar a lo expuesto en dichos casos en cuanto a que, de acuerdo con los hechos que la corte inferior consideró probados, el demandante no fué culpable de negligencia contribuyente.

■ En lo que sí consideramos que asiste la razón a los apelantes es cuando alegan que la suma de $1,100 concedida al demandante es excesiva. La única lesión sufrida por él fué la fractura simple de una costilla la cual soldó completamente sin que al demandante se le ocasionara daño alguno de carácter permanente o incapacidad parcial en su aptitud para ganarse la vida. El demandante no dejó de percibir su sueldo mientras estuvo en cama. Bajo todas las circunstancias concurrentes consideramos que una indemnización de $500 es justa y razonable.

■ En cuanto a los $200 concedidos por los servicios médicos no hubo prueba alguna de los demandados para controvertir la declaración del Dr. Sanabria en el sentido de que tuvo que trasladarse seis o siete veces desde San Germán a Sabana Grande para asistir al demandante y que con-

vino con él en dicha suma como importe razonable de sus honorarios. Aun cuando pudiéramos creer que $200 es una suma algo crecida, el hecho de que los demandados no pusieran a la corte inferior en posición de poder resolver cualquier controversia sobre la cuestión, hace aplicable el caso de *Yuya* v. *White Star Bus Line, Inc.*, 59 D.P.R. 790, 795, donde resolvimos que: "A falta de prueba en contrario presentada por la demandada, la corte inferior estuvo justificada en dar crédito a la declaración del Dr. Alonso . . ." y que "el testimonio del propio médico que asistió a la demandante es suficiente para cumplir con el requisito de que se pruebe la razonabilidad de los gastos por tratamiento médico, ha sido resuelto en muchos casos."

■ Tampoco erró la corte sentenciadora al condenar a los demandados al pago de honorarios de abogado. Fueron temerarios, pues su negligencia surge clara de la prueba, empero consideramos que la cuantía concedida, bajo todas las circunstancias concurrentes, debe ser rebajada a $150.

■ En lo que sí cometió error la corte fué al conceder intereses desde la interposición de la demanda. El propio abogado del apelado así lo reconoce, pues de acuerdo con el artículo 341 del Código de Enjuiciamiento Civil sólo procede su concesión desde la fecha en que se dictó la sentencia.

*Debe modificarse la sentencia apelada en el sentido de rebajar la cuantía de la indemnización concedida al demandante de $1,100 a $500; la de honorarios de abogado de $200 a $150, y sólo condenar al pago de intereses desde la fecha de la sentencia, y así modificada, confirmarse.*

El Juez Presidente Sr. Travieso no intervino.