MATÍAS GRANIELA, demandante, apelante y apelado, *v.* YOLANDE, INC., y UNITED STATES FIDELITY & GUARANTY COMPANY, demandadas, apeladas y apelantes. PRIMITIVO ACOSTA GRANIELA y su esposa MARÍA TOMASA RAMÍREZ, demandantes, apelantes y apelados, *v.* LAS MISMAS, demandadas, apeladas y apelantes. ANA ROSA ACOSTA RAMÍREZ, demandante, apelante y apelada, *v.* LAS MISMAS, demandadas, apeladas y apelantes.

Núm. 9237.—*Sometido:* Febrero 8, 1946. *Resuelto:* Febrero 14, 1946.

*Fernando Zapater, A. Ramírez Silva* y *J. Otero Suro,* abogados de los demandantes, apelantes y apelados; *J. Alemañy Sosa,* abogado de las demandadas, apeladas y apelantes.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Al dictar sentencia declarando con lugar tres demandas de daños y perjuicios en tres casos que surgieron de un mismo accidente, la corte de distrito condenó a las demandadas a pagar intereses sobre el importe de la indemnización a contar de la fecha en que se radicaron las demandas. Apelada la sentencia, fué modificada únicamente en cuanto a la cuantía de los honorarios de abogados, extremo que ahora carece de pertinencia, y así modificada, confirmada. *Graniela* v. *Yolande, Inc. et al,* 65 D.P.R. 107.

Devuelto el caso a la corte inferior, consignó la demandada United States Fidelity & Guaranty Co. el importe de la sentencia, y los intereses desde la fecha en que ésta fué dictada, y solicitó se tuviera por satisfecha la sentencia. Se opusieron los demandantes, por no haberse incluído los intereses desde la fecha de radicación de las demandas hasta la fecha de la sentencia. La corte inferior resolvió que la consignación hecha era suficiente, ya que después de haberse dictado la sentencia, sé resolvió en *Martínez* v. *Báez,* 63 D. P.R. 783 que en casos de daños y perjuicios no había derecho a intereses excepto a partir de la fecha de la sentencia. De esa resolución apelan los demandantes.

Posteriormente, solicitaron las demandadas se modificara la sentencia en cuanto a intereses, concediéndolos a partir de la fecha de la sentencia y no, como rezaba y aún reza ésta, a partir de la fecha de las demandas. Se negó la corte inferior a lo solicitado, por considerarlo innecesario en vista de su anterior resolución dando por satisfecha la sentencia. De esa resolución apelan las demandadas.

Como se puede ver, ambas apelaciones plantean el mismo problema, a saber, si los demandantes tienen derecho a in-

tereses desde la fecha de la radicación de sus demandas, o solamente desde la fecha de la sentencia.

█ Los demandantes solicitaron en sus demandas intereses desde la fecha de éstas. La corte accedió en su sentencia a esa solicitud. Constituyó esto un error, ya que el que reclama judicialmente una suma ilíquida, como ocurre en casos de daños y perjuicios, sólo tiene derecho a intereses a partir de la fecha de la sentencia. *Martínez* v. *Báez,* supra; *Font* v. *López,* 60 D.P.R. 161; *Sosa* v. *Sucn. Morales,* 58 D.P.R. 360; *Frías* v. *Berríos,* 58 D.P.R. 137; *Miranda* v. *P. R. Ry., Light & Power Co.,* 50 D.P.R. 974; *Ruiz* v. *Umpierre,* 49 D.P.R. 270. Pero las demandadas, al apelar de la sentencia, no se quejaron de ese error, y la sentencia, como hemos visto, fué confirmada.

██ La regla general es que las cortes carecen de facultad para enmendar sus propias sentencias una vez éstas han sido confirmadas por un tribunal superior. *United States* v. *Howe,* 280 Fed. 815, certiorari negado en *Howe* v. *United States,* 259 U. S. 587, 66 L. Ed. 1077. La resolución de la corte inferior en los casos de autos, dando la sentencia por satisfecha mediante el pago de una suma menor que la fijada en la sentencia, equivale a una modificación de ésta.

Arguyen las demandadas que la enmienda a la sentencia es permisible por tratarse de la corrección de un error clerical, para lo cual siempre tienen facultad las cortes. No se trata, sin embargo, de un error clerical. La propia corte inferior, en la resolución apelada, explica que su actuación obedece a lo resuelto en *Martínez* v. *Báez,* supra, y aclara que dicho caso fué resuelto después de haberse dictado su sentencia. Es obvio, por lo tanto, que lo que pretendió corregir la corte inferior fué una errónea apreciación de los derechos sustantivos de las partes.

Tampoco tienen razón las demandadas en su contención de que, no habiéndose planteado ni resuelto nada en cuanto a intereses en la apelación entablada contra la sentencia, su

confirmación no impide a la corte inferior reconsiderar ese extremo. No importa que no se planteara la cuestión al apelarse de la sentencia. Pudo haberse planteado y eso basta. *In re Washington and Georgetown Railroad Co.,* 140 U. S. 91, 35 L. Ed. 339.

En el caso que acabamos de citar se trataba también de una sentencia concediendo indemnización por daños y perjuicios, pero sin intereses, de la cual se apeló, sin plantearse ni discutirse nada respecto a los intereses. (Véase el mismo caso, reportado en 135 U. S. 554, 34 L. Ed. 235). Confirmada la sentencia, la corte inferior consideró haberse equivocado al no conceder intereses, pretendió concederlos, y el Tribunal Supremo de Estados Unidos, en un recurso de *mandamus,* le ordenó dejar sin efecto la sentencia enmendada y restituir la sentencia original tal cual ésta fué confirmada.([1])

Ciertamente que es de lamentarse que las demandadas se vean obligadas a pagar algo más de lo que debieran haber pagado, de habérsele llamado oportunamente la atención a la corte inferior al dictarse la sentencia, o de haberse señalado el error cometido en cuanto a los intereses al apelarse de la sentencia. Pero más importante que la corrección de un error judicial que la parte perjudicada tuvo ocasión de corregir oportunamente es el principio de la finalidad de las sentencias, consagrado en las reglas de *res judicata* y de la ley del caso. Véase *González* v. *Méndez et al,* 15 D.P.R. 701; *Olmedo* v. *Rivera,* 65 D.P.R. 49; *Escartín* v. *Comisión Policía Insular,* 52 D.P.R. 725, *Rosario* v. *Ruiz y Polanco,* 63 D.P.R. 93.

El caso de *De Castro* v. *Junta de Comisionados,* 59 D.P.R. 676, que invocan las demandadas no es aplicable al que nos ocupa. En ese caso, dictada sentencia ordenando la reposi-

---

([1]) El problema planteado en el caso citado no podría surgir en Puerto Rico, ya que de acuerdo con el artículo 341 del Código de Enjuiciamiento Civil, cuando la sentencia condenando al pago de dinero nada dispone en cuanto a intereses, devenga intereses desde la fecha en que se dicta. *Concepción* v. *Latoni,* 63 D.P.R. 693.

ción de un funcionario destituído, se apeló de la misma y fué confirmada. Al devolverse el mandato a la corte sentenciadora, había expirado el término del funcionario. Resolvimos que no debía ejecutarse la sentencia en tanto en cuanto ordenaba la reposición, ya que si bien ésta procedía en la fecha en que se dictó la sentencia, las circunstancias habían cambiado, y ya no era procedente la reposición. Ni se enmendó la sentencia ni se actuó en forma inconsistente con sus términos. Se determinó sencillamente que había transcurrido el término durante el cual era susceptible de ejecución. En los casos de autos no ha habido cambio alguno en la situación de las partes después de dictarse la sentencia, ni existe impedimento para que ésta sea ejecutada tal cual se dictó.

*Por los fundamentos expuestos, entendemos que erró la corte inferior al dictar su resolución del 28 de agosto de 1945 dando por satisfecha la sentencia mediante el pago de una suma inferior a la fijada en la misma, y actuó correctamente al dictar su resolución, del 20 de septiembre de 1945 negándose a enmendar la sentencia. Debe confirmarse esta última resolución y revocarse la del 28 de agosto de 1945.*