MANUEL DÍAZ BENABE y JORGE LUIS BETANCOURT, demandantes y apelados, *v.* JOSÉ RODRÍGUEZ LÓPEZ y JUAN VEGA OSORIO, demandados y apelante el primero.

Núm. 9676.—*Sometido:* Enero 10, 1949. *Resuelto:* Enero 31, 1949.

*Arcilio Alvarado,* abogado del apelante; *J. Nevares Santiago,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Un camión de José Rodríguez López, guiado por su empleado Juan Vega Osorio, chocó con un automóvil conducido por su dueño Manuel Díaz Benabe, a quien acompañaba Jorge Luis Betancourt. Como consecuencia del accidente, el automóvil fué totalmente destruído y Manuel Díaz Benabe y Jorge Luis Betancourt sufrieron daños personales. Estos últimos instaron el presente pleito contra los primeros en reclamación de los daños que alegaron haber sufrido. Predican su acción en que la causa próxima del accidente fué la negligencia del conductor del camión, quien a la sazón, según ellos, estaba actuando con ocasión de sus funciones como empleado de José Rodríguez López. La corte inferior dictó sentencia a favor de los demandantes y en contra de los dos demandados. El dueño del camión interpuso este recurso de apelación.

Conforme declaró probado la corte a quo, el apelante tenía una empresa de hincar pozos y para suplir los materiales que usaba en sus obras, utilizaba el camión.

No se cuestiona que la causa próxima del accidente fuera la negligencia del conductor del camión, pero niega el apelante su responsabilidad por los daños reclamados.

Examinaremos, en primer término, las disposiciones del Código Civil en relación con la responsabilidad de los dueños de empresas por la culpa o negligencia de sus empleados, y con vista de la ley, determinaremos entonces si la sentencia está sostenida por la prueba.

El artículo 1803 del Código Civil, en lo pertinente dispone:(¹)

"La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

".    .    .    .    .    .    .

".    .    .    .    .    .    .

"Los son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus funciones, . . ."

Pasemos ahora a exponer los hechos. Para la fecha del accidente el apelante había estado hincando un pozo en Fajardo y en ese trabajo empleaba tres obreros que residían en Caguas y Santurce, uno de los cuales conducía el camión al ocurrir el accidente. Terminado el trabajo de ese día, el apelante autorizó a los tres obreros a usar el camión para trasladarse a sus respectivas residencias. Solamente en esa ocasión y en otra anterior en que el hijo del apelante llevó a los obreros a sus casas, fué utilizado el camión con ese objeto, pues el apelante no estaba obligado por el contrato con sus obreros a darles transportación.

A base de estos hechos no puede concluirse que el obrero que condujo el camión estaba actuando con ocasión de sus funciones como empleado de la empresa. Hemos enfatizado la circunstancia de que el patrono no había asumido, ni expresa ni implícitamente, la obligación de suministrar medios de transporte a sus obreros, porque de haber sido así, claro está, al ocurrir el accidente mientras se usaba el camión con ese fin, habría que concluir que el conductor del vehículo lo estaba usando para fines de la empresa y con ocasión de las funciones de su empleo.

*Procede, por lo expuesto, en cuanto al apelante respecta, revocar la sentencia apelada y desestimar la demanda, con costas a los demandantes.*

_____

(¹)Este artículo fué enmendado por la Ley núm. 120 de 12 de mayo de 1943 (pág. 375) pero la enmienda no alteró el párrafo arriba transcrito.