Hillsborough,
Dec. 6, 1932.

## GUY M. LITTLEFIELD

*v.*

## PHOENIX INDEMNITY INSURANCE COMPANY.

*Arthur A. Tremblay* and *Walter E. Kittredge* (*Mr. Tremblay* orally), for the plaintiff.

*O'Connor & Saidel* (*Mr. Saidel* orally), for the defendant.

BRANCH. J.   The contention that the car in question "was not to be used for towing purposes" cannot be sustained.   The tenth declaration in the policy does not state generally that the insured automobile will not be used for towing, but that it will not be used "for towing or propelling any trailer or other vehicle used as a trailer."   If there were a comma or other punctuation mark after "towing," the defendant's position would be more plausible, but as it stands, the language of the policy merely forbids the use of the car as motive power for a "trailer."   Every consideration of verbal fitness points to the conclusion that the meaning indicated by the punctuation is the one which the parties intended to express.   If, as the defendant argues, the declaration involves two prohibitions because "the 'or' after the word 'towing' is disjunctive," the second forbidden use would be that of "propelling any trailer."   The other clauses in the policy are drawn in a workmanlike manner and furnish no justification for charging its draftsmen with such ineptitude in the use of English.

The word "trailer" has a definite and well understood meaning in popular usage, and this meaning is embodied in the statutory definition which is as follows: " 'Trailer', any vehicle without motive power designed for carrying property or passengers wholly on its own structure and for being drawn by a self-propelled vehicle, except those running exclusively on snow or on tracks, and vehicles used exclusively for agricultural purposes."   P. L., *c.* 99, *s.* 1. paragraph XIII. Obviously a temporarily disabled automobile does not come within this definition and we, therefore, conclude that the use of the car in question at the time of the accident for the purpose of towing such a disabled automobile to a repair shop did not come within the exclusions of the policy.

The defendant has also taken the position in this court that the use of the plaintiff's car at the time of the accident was not permitted under the seventh paragraph of the declarations which states that it is to be used only for purposes of "Business & Pleasure."   No mention of this claim appears to have been made in the superior court, and it is doubtful whether the defendant is in any position to raise the point at this time.   *Doyle* v. *MacDonald Brothers*, 85 N. H. 545; *Hawes* v.

*Chase*, 84 N. H. 170, and cases cited.    It is unnecessary to rest our decision upon this ground, however, for the defendant's position is clearly untenable for other reasons.

The basis of the argument is found in the directions for filling in the blank space in the printed form of the seventh declaration which immediately follow the language previously quoted.    They read as follows: "Insert 'Pleasure and business purposes,' or, 'Commercial use as defined below.'    The term 'Commercial use' is defined as use for the purposes of the Assured's business as described in declaration 4 including the transporting and delivering of goods or merchandise and loading and unloading thereof; together with incidental pleasure use by the family of the named Assured."

The argument seems to be that since "Commercial use" includes "use for the purposes of the Assured's business," the phrase "Pleasure and Business" does not include such a use.    There is no merit in this suggestion.    The meaning of the phrase "Pleasure and Business" is so plain that no definition was apparently considered necessary by the authors of the policy, and the notion that the word "Business" does not include the one business in which the assured is obviously interested, seems absurd.    The plain purpose of the definition given to the words "Commercial use," which would normally be used in connection with trucks or other commercial vehicles, was to include therein "incidental pleasure use by the family of the named Assured" which might otherwise be excluded.    There is no reason to think that the definition of these words was intended to restrict the meaning of another phrase, the significance of which is plain.    If any doubt upon this point were otherwise possible it would be resolved by the language of paragraph D of the policy relating to exclusions. It is there provided that the policy shall not cover liability for workmens' compensation imposed by law, or injuries "suffered by an employee as the result of an accident arising out of and in the course of the trade, business or occupation of the Assured."    This clause plainly evidences the expectation of the defendant that the insured automobile will be used in the business of the assured and its effect is to exclude from the coverage of the policy his liability as master to his servants.

We find in the record no reason for doubting that the use made of the automobile in question at the time of the accident was permitted under the terms of the policy and it is, accordingly, ordered that there be

*Judgment for the plaintiff.*

**All concurred.**