LUIGI TERRASI, administrator, *vs.* WALTER L. PEIRCE & others.

Middlesex.     October 7, 1938. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Insurance,* Motor vehicle liability.

A statement in the declarations of a liability insurance policy upon a motor truck that "the purposes for which" the truck was to be used were "commercial" meant only that that was intended to be the regular and dominant use; and extraterritorial coverage of the policy was in force on an isolated occasion when the truck was being used for a noncommercial purpose not increasing the risk.

BILL IN EQUITY, filed in the Superior Court on February 27, 1937.

A final decree dismissing the bill was entered by order of *M. Morton*, J. The plaintiff appealed.

*E. W. Hadley*, for the plaintiff.

*D. P. Donaldson*, for the defendant Lumbermens Mutual Casualty Company.

LUMMUS, J. The plaintiff's intestate, on June 5, 1932, while riding in a truck operated by the defendant Walter L. Peirce and owned by a partnership called Peirce Brothers, which permitted Walter L. Peirce to operate the truck, was killed by his negligence. The plaintiff obtained a judgment in tort against Walter L. Peirce, and then brought this bill under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply in satisfaction of the judgment the obligation of the defendant Lumbermens Mutual Casualty Company under a policy of liability insurance covering the operation of the truck, issued to Peirce Brothers.

The injury did not take place upon any of "the ways of the commonwealth," as those words are used in the Massachusetts compulsory motor vehicle liability insurance act, G. L. (Ter. Ed.) c. 90, §§ 34A–34J. The words quoted mean public ways within the Commonwealth. *Opinion of the Justices*, 251 Mass. 569, 572, 573, 603. *Mullen* v. *Hartford Accident & Indemnity Co.* 287 Mass. 262, 264. *Adams* v. *American Employers Ins. Co.* 292 Mass. 260. *Phillips* v. *Stone*, 297 Mass. 341. *Wheeler* v. *O'Connell*, 297 Mass. 549, 553. *Santa Maria* v. *Trotto*, 297 Mass. 442. Consequently, the rights of the parties depend upon the so called "extraterritorial public liability" coverage provided by Part II of the policy. This bound the insurer to indemnify not only Peirce Brothers, but also any person operating the truck with their permission, against liability for causing bodily injury or death arising out of the operation of the truck "elsewhere than upon the ways of the Commonwealth of Massachusetts," even beyond its boundaries. The right of a judgment creditor to reach the obligation of the insurer under Part II of the policy depends upon and is limited by the right of the insured to enforce the contract for

indemnity. If the insured has no right, there is nothing for the creditor to reach. *Phillips* v. *Stone,* 297 Mass. 341. *Klefbeck* v. *Dous,* 302 Mass. 383, 384.

The policy contained a "declaration" that the truck would be used "principally" in connection with the operation of the farm of Peirce Brothers. No difficulty arises under that declaration, for the truck was in fact "principally" so used, though it was not so used on the day of the injury.

Difficulty arises, however, from the "declaration" in the policy that "the purposes for which" the truck is "to be used are: Commercial." On the same page with that declaration is the provision: "This policy is made and accepted subject to the conditions and provisions of this page . . . ." Other provisions of the policy suspend coverage during the use of the truck for specified purposes such as the carrying of passengers for a consideration or the towing of a trailer. The fact was, that the truck, which had been used almost exclusively for the purposes of the farm of Peirce Brothers (which upon the whole policy must be deemed commercial purposes), was being used on Sunday, the day of the injury, by Walter L. Peirce to carry himself and other members of the National Guard to a rifle range for target practice. The injury took place within the grounds of the rifle range.

The question of construction in this case does not require discrimination between representations and warranties, or between those and conditions; nor the application to the two former of G. L. (Ter. Ed.) c. 175, § 186. *White* v. *Provident Savings Life Assurance Society,* 163 Mass. 108 (historical discussion). *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169. *Collins* v. *Casualty Co. of America,* 224 Mass. 327, 331. *Goldstein* v. *Royal Indemnity Co.* 297 Mass. 55, 57–58, (statute includes warranties in policy). *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, 383–384. *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 171–172 (burden on insurer under statute). *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492 (condition not within statute). *Gechijian* v. *Richmond Ins. Co.* 298 Mass. 487. The result in the present case must

be the same, however the "declaration" in question may be classified.

The defendant insurance company contends that the declaration that the "purposes" for which the truck is to be used are "Commercial," implies that it will never be used even on a single occasion for any other purpose. It cites no case that goes so far. In *Elder* v. *Federal Ins. Co.* 213 Mass. 389, a policy of fire insurance on an automobile contained a "warranty" that it would not be used for carrying passengers for compensation, and a provision that if the warranty should be broken "this policy shall immediately become null and void." It was held that a breach of warranty on two occasions prevented recovery for loss by fire six months later. This decision was explained in *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204, 208, as based upon a breach of "a condition of the continuation of the policy as a binding contract." In *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511, recovery was denied under a liability policy which provided that it was not to cover while the automobile was being used for the carrying of passengers for a consideration, where the liability arose while the automobile was being so used for the first and only time. In *Record* v. *Royal Ins. Co. Ltd.* 253 Mass. 617, a policy against theft of an automobile contained a warranty that "the uses to which the automobile described are and will be put, are private and pleasure." It appeared that the insured used the automobile for the most part in the business of his employer, and was paid for its use; and that use apparently continued until the loss. It was held that the plaintiff could not recover, no matter whether the risk of loss was increased by the use made, or not. The ground of the decision is not too clear, but the case seems to rest upon an implied condition that the use would be as described. See *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204, 208. But the decision could be supported by implying a condition merely that the regular and dominant use would be as described, not that a different use would never take place.

In *Bloom* v. *Ohio Farmers Ins. Co.* 255 Mass. 528, a policy

against theft of an automobile contained a warranty that "the uses to which the automobile described are and will be put, are pleasure." Some slight use of the automobile for business purposes was shown, but it was "merely incidental and accompanied its use for pleasure." The loss occurred during a use for pleasure. The court allowed recovery, noting the absence of an express condition, and saying: "At most a use for business would suspend liability during such use." The case is not authority for the implication of either a condition or a warranty against the occasional use of the automobile for purposes other than pleasure. The words "at most" in the passage just quoted suggest that the court did not consider that the words contained such an implication. In certain fire insurance cases where the building was described by its use, a warranty or condition seems to have been implied that the use described was the regular or dominant use. *Goddard* v. *Monitor Mutual Fire Ins. Co.* 108 Mass. 56. *Thomas* v. *Commercial Union Assurance Co. Ltd.* 162 Mass. 29. *Bowditch* v. *Norwich Union Fire Ins. Co.* 193 Mass. 565. *Fall River* v. *Aetna Ins. Co.* 219 Mass. 454. A similar warranty or condition has been implied in a liability policy from statements as to the business and operations of the insured. *People's Ice Co.* v. *Employers' Liability Assurance Corp.* 161 Mass. 122. See also *Anderson's Case,* 276 Mass. 51, and cases cited. None of these cases governs the case at bar.

In the present case, the policy declared merely that the purposes for which the truck is "to be used are: Commercial." The intended use was in truth commercial. The regular, habitual and dominant use was also commercial. Any other use was sporadic and occasional. So far as is shown, the use made at the time of the injury would not increase the risk or change the premium classification. To interpret the words used as implying either a warranty or a condition that the truck would never be used for any other purpose, would have for an insured person unfortunate consequences not required, so far as we can see, by any consideration of the situation of the insurer. If such a warranty or condition could be implied, an insured who had employed

even the broad and common formula "business and pleasure" in describing the uses of his automobile, might find himself without protection in using his automobile, at least on private grounds or outside the Commonwealth, for an errand of mercy, for keeping an engagement with his dentist, for visiting a cemetery, or for performing his duty at the polls. We think that the description of the use of the truck in the policy in question must be taken to mean only the regular and dominant use, and not to specify the only use for which the truck might possibly be required. A similar limitation has been put upon the description of the uses of a building in a fire insurance policy. *Boardman* v. *Merrimack Mutual Fire Ins. Co.* 8 Cush. 583. *Loud* v. *Citizens' Mutual Ins. Co.* 2 Gray, 221. *Dolliver* v. *St. Joseph Fire & Marine Ins. Co.* 131 Mass. 39. See also *Locke* v. *Royal Ins. Co. Ltd.* 220 Mass. 202.

*Decree dismissing bill reversed.*
*Decree for plaintiff.*