**COMMERCIAL STANDARD INS. CO. v. BLANKENSHIP et al.**

No. 9130.

Circuit Court of Appeals, Sixth Circuit.

April 6, 1943.

John M. Cate, of Nashville, Tenn. (John M. Cate and Cate & Cate, all of Nashville, Tenn., on the brief), for appellant.

C. W. Tuley and D. L. Lansden, both of Nashville, Tenn. (C. W. Tuley, D. L. Lansden, Armistead, Waller, Davis & Lansden, and Roberts & Roberts, all of Nashville, Tenn., on the brief), for appellees.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

In a bill for a declaratory judgment, the Commercial Standard Insurance Company alleged that a certain automobile liability insurance policy, which it had issued, did not cover the use and operation of an automobile which had caused injury to appellee, Mrs. W. G. Blankenship, and asked for judgment to that effect. The district court held that appellant was subject to liability thereon; and the insurance company appeals.

The policy, issued to Helen Hester, provided that appellant would insure her against liability for injuries caused by accident and arising out of the ownership, maintenance, or use of the automobile. It was stated in the policy: "The purposes for which the automobile is to be used are Pleasure & Business. (a) The term 'pleasure and business' is defined as personal, pleasure, family and business use, excluding any commercial delivery. (b) The term 'commercial' is defined as the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with the named insured's business occupation as expressed in Item 1." The business or occupation of the insured, as set forth in Item 1, was "Clerk—Richland Market."

Miss Hester, the insured, was employed as a clerk for the Richland Market in Nashville, Tennessee, at the time the policy in question was issued; and she continued to be so employed at all times during the life of the policy. Shortly after its issuance, she became interested as a partner with J. K. Wakefield in a laundry and dry cleaning company. Throughout this partnership association, she retained her position as a clerk in the market and did not participate in the operation of the partnership business. Thereafter, she permitted the automobile in question to be used for partnership purposes; and on December 23, 1938, a delivery man employed by the laundry company, while using the car for the purpose of picking up clothing to be dry cleaned, collided with Mrs. Blankenship, causing

injuries to her, for which she brought suit on December 28, 1938, against the partners, Hester and Wakefield, and the driver of the car. Mrs. Blankenship's husband also brought suit against the same defendants to recover damages for the loss of services and expenses incident to her injury. The accident had been promptly reported by Miss Hester to the insurance company, and an investigation was carried on by its representative. However, the company took no steps to defend the suit, but did not disclaim liability to the insured until March 6, 1939, when it filed this suit for a declaratory judgment.

The controlling question is whether the insurance company is liable on the policy on the conceded fact that the automobile was, at the time of the accident, being used for a commercial purpose in the partnership business.

 It is argued by the insurance company that the coverage of the policy excluded liability resulting from the use of the automobile for any commercial delivery. But such argument ignores the policy provisions relating to such commercial delivery. Such commercial use is limited in the terms of the policy by Sec. (b) of *Item* 5, defining "commercial" as the transportation or delivery of goods, merchandise, or other materials, and uses incidental thereto, *in direct connection with the named insured's business occupation as expressed in Item 1;* and the insured's business occupation as so expressed is a clerk at the Richland Market. The commercial use of the vehicle, at the time of the accident was not in connection with the business or occupation of the insured as a clerk at the market; and this was the only commercial use excluded by the terms of the policy. Our conclusion, therefore, is that, at the time of the accident, the use of the automobile for a commercial purpose not connected with the occupation or business of the insured as a clerk at the market, was not excluded, and that the insurance company is liable according to the policy provisions.

While it is not so argued, appellant doubtlessly assumes that the definition of "commercial" is surplusage in the terms of the policy in question. The important provision in the case in partly printed and partly typed. The following is printed: "*Item* 5. The purposes for which the automobile is to be used are." These words are followed by a blank, on which was typed: "Pleasure & Business." Just beneath the blank is printed: "(Insert 'Pleasure and Business' or 'Commercial')." While it might be contended that the printed definition of "commercial" following thereafter, had reference only to commercial use,—if the word "commercial" had been typed in the blank,—nevertheless, this would not do more than stretch the policy into an ambiguity; and inasmuch as the contract was prepared by the insurance company, it would necessarily be construed against it in case of ambiguity; and inasmuch as it was a contract of insurance, it would, furthermore, be construed in favor of the insured. But as we view the contract, there is no ambiguity in the terms of the agreement and it follows that the policy insured appellee Hester against the damages sought. Our determination makes it unnecessary to discuss the other questions raised, with reference to estoppel of the insurance company to disclaim liability after taking control of the accident investigation and negotiation.

In accordance with the foregoing, the judgment of the district court is affirmed.