SUNSHINE MUTUAL INS. CO., Appellant v. ADDY
et al, Respondents

(38 N. W.2d 406.)

(File No. 9061. Opinion filed July 19, 1949)
Rehearing Denied Aug. 19, 1949.

**Caldwell & Burns, Roy D. Burns, Howard B. Crandall,
R. N. Swark,** Sioux Falls, for Plaintiff-appellant.

**T. R. Johnson, C. J. Delbridge,** Sioux Falls, **C. H. McCay,**
Salem, for Defendant-respondent.

**Blaine Simons,** Sioux Falls, Amicus curiae.

**Bielski, Elliot & Lewis,** Sioux Falls, for petitioner in intervention and respondent.

RUDOLPH, J. The question presented by this appeal
is whether at the time of the collision hereinafter referred to,
the truck of respondent Addy was covered by a certain liability insurance policy. The action is for a declaratory judgment. The trial court held that the truck at the time in
question was within the coverage of the policy.

Mr. Addy is a farmer living near Stanley Corners in
McCook County. In 1948 he owned a Dodge truck which
he used in his farming. He insured his liability in the opera-

tion of this truck with the appellant, Sunshine Mutual Insurance Co., the policy in question covering the period from January 22, 1948 to January 22, 1949. In February 1948 Mr. Addy purchased from Henry Krumvieda of Canistota an International truck, and received an assignment of Krumvieda's Class B Motor Carrier permit. In his application to the Public Utilities Commission for transfer of this Class B permit, Mr. Addy described not only the International truck but also the Dodge truck. The permit included both trucks. In June 1948 in his renewal application he again described both trucks, and the Class B permit issued July 1, 1948 included the two trucks. Mr. Addy employed his uncle, Bill Addy, who lived at Canistota to operate the International truck and conduct the trucking business with that truck. Mr. Addy testified that "occasionally, once in a while" he would do commercial trucking under his Class B permit with the Dodge truck.

On the morning of the accident, July 7, 1948, Mr. Addy's uncle, who operated the International truck, advised Mr. Addy that he had a full load that morning and was unable to take to market two head of cattle from a farm near Canistota and a hog from a farm south of Highway 16. Mr. Addy thereupon arranged to haul these two cattle and the hog to market in Sioux Falls. It is undisputed in the record that he was to transport the cattle and the hog as a commercial trucker under his Class B permit which covered the Dodge truck he was operating.

Mr. Addy lived about one-fourth of a mile south of Highway 16, which leads directly to Sioux Falls, and a mile east of Stanley Corners in McCook County. The two head of cattle which Mr. Addy was taking to market were obtained from a farm eight or nine miles northeast of the Addy farm and several miles north of Highway 16. The hog which Mr. Addy intended to haul to market was on a farm south of Highway 16. The accident occurred after Mr. Addy had picked up the two head of cattle and while he was on his way to get the hog for transportation. Mr. Addy was about to cross or was crossing Highway 16 on his way to get this hog when he was struck by or he struck the other truck in-

volved in the collision. Mr. Addy testified that it was necessary for him to go to Sioux Falls on the morning of July 7 to get repairs for a combine for his brother, and that he would not have made the trip to get the cattle and the hog had it not been necessary for him to go to Sioux Falls to get these repairs.

The insurance policy issued by appellant company upon this Dodge truck, as stated above, was issued prior to the time Mr. Addy received his permit to operate this truck as a Class B Motor Carrier. None of the officers or agents of the company was advised or knew of the issuance of this permit to Mr. Addy, or that he ever used this truck for transporting property under such permit.

The policy declares: "Item 1. The occupation or business of the named Insured is farmer. Item 5. The purposes for which the automobile is to be used are farm use." The words "farmer" and "farm use" are typewritten. The policy also provides that "insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, * * *" and further, "This policy applies only to accidents which occur and to direct losses to the property insured which are sustained during the policy period, while the automobile is * * * owned, maintained and used for the purposes stated as applicable thereto in the declarations."

The record discloses that the premium classification for trucks for farm use and trucks used for commercial hauling is different, the premium rate on a truck for farm use being $23.60 and the premium rate for a like coverage upon a truck doing commercial hauling being $66.06.

█ The policy by its clear terms declares the occupation of the insured to be that of "farmer", and declares the purpose for which the truck is to be used as "farm use". Liability is limited to the time "while the automobile is * * * used for the purposes stated. * * *" It is generally the established law that where a policy limits the insurer's liability to a designated use of the insured's automobile, the insurance does not cover other uses. Gudbrandsen v. Pelto, 205 Minn. 607, 287 N. W. 116; Jones v. Manufacturer's Cas-

ualty Ins. Co., 313 Ill. App, 386, 40 N. E.2d 545; Duke Anderson Drilling Co. v. Smith et al., 193 Okl. 107, 141 P.2d 565; 6 Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed., Sec. 3971; 45 C. J. S., Insurance, § 829(b).

■ It is our opinion that the above facts establish that at the time of the accident the truck was being operated as a Class B Motor Carrier, and not for a farm use as contemplated by the policy. True, Mr. Addy, at the time in question was transporting cattle from the farm to market. He was not doing this as a farmer, however, but was then engaged in the business of a commercial trucker. It is our view that when being operated as a commercial enterprise under this Class B permit, the truck is not being put to a farm use as contemplated by the policy even though the articles being transported are products of the farm.

Respondent contends that at the time in question the truck was being operated for a farm use because Mr. Addy was going to Sioux Falls to obtain tractor parts and would not have made the trip if it had not been necessary to go to Sioux Falls for this farm purpose. It is clear that a trip in this truck to Sioux Falls to obtain tractor parts would be a farm use. The fallacy of this contention of respondent, however, lies in the fact that at the time of the accident Mr. Addy had for the time being departed from his trip to obtain tractor parts. He was off on a mission under his Class B permit as a commercial trucker. We agree with appellant that the place at which the accident occurred and the direction in which the truck was traveling were determined by Mr. Addy's operation of the truck as a commercial enterprise, and not by his trip to Sioux Falls to obtain tractor parts. It is our opinion that the use of the truck at the time in question was not a farm use and not within the coverage of the policy.

The judgment appealed from is reversed.

SMITH, P. J., and HAYES, J., concur.

ROBERTS and SICKEL, JJ., dissent.