SUNSHINE MUTUAL INS. CO., Respondent, v.
ADDY et al., Appellants

(47 N. W.2d 285)

(File No. 9134. Opinion filed April 9, 1951)
Rehearing denied May 29, 1951

Blaine Simons, T. R. Johnson, Sioux Falls, for Defendant and Appellant.

Bielski, Elliott & Lewis, Sioux Falls, for Petitioner in intervention and Appellant.

Caldwell & Burns, Roy D. Burns, Howard B. Crandall, and R. N. Swark, all of Sioux Falls, for Plaintiff and Respondent.

PER CURIAM. This is an action to obtain a declaratory judgment as to the coverage of an insurance policy. By its terms, plaintiff agreed to indemnify defendant Addy against claims for damages for bodily injuries caused by and arising out of the ownership, maintenance or use of the motor vehicle described in the policy. The truck described therein was involved in an accident as appears from our opinion rendered on a prior appeal and reported in 72 S.D. 634, 38 N.W.2d 406, 10 A.L.R.2d 670.

Paragraph VI of the policy provides that it applies only to accidents occurring while the automobile is owned, maintained and used for the purposes as applicable thereto in the declarations.

It is stated in Item 5 of the declarations: "The purposes for which the automobile is to be used are **farm use** (a) The term 'pleasure and business' is defined as personal, pleasure, family and business use. (b) the term 'commercial' is defined as use—principally in the business occupation of the named insured as stated in Item 1, including occasional use for personal, pleasure, family and business purposes. (c) Use

of the automobile for the purposes stated includes the loading and unloading thereof." The business or occupation of the insured, as appears in Item 1, is "Farmer".

The coverage of an automobile liability policy is limited to the uses designated in the policy. The cases to this effect are cited in the opinion rendered on the prior appeal. Sunshine Mutual Ins. Co. v. Addy, supra. The trial court determined from the evidence that the use of the truck at the time of the accident was a "farm use" within the terms of the policy. The sufficiency of the evidence to sustain this finding was the question before this court on the prior appeal. The majority opinion rejected the contention that the evidence sustained this finding and reversed the judgment below. The facts were not undisputed and upon a retrial additional testimony was submitted. It is clear that such evidence would not have justified the trial court in view of the prior decision in holding that the truck in question was being used for a farm purpose.

We are now concerned with the further contention that under a proper interpretation of Item 5 above quoted the word "commercial" includes farming activities and that the occasional use of the truck for other than "farm use" came within the coverage of the policy.

The following in Item 5 is printed: "The purpose for which the automobile is to be used are ——". In the blank are typed the words "farm use". The words "pleasure and business" or "commercial" would normally be inserted. The definition of the term "commercial" was not intended to exclude the use of other phrases, but to make plain that occasional use of an insured vehicle not connected with the business occupation of its owner was within the coverage of the policy. See Littlefield v. Phoenix Indemnity Ins. Co., 86 N.H. 87, 163 A. 420; Commercial Standard Ins. Co. v. Blankenship, 6 Cir., 134 F.2d 784. This definition has reference to trucks or other commercial vehicles and obviously includes trucks used for farm purposes. We think that there is no ambiguity in the terms of the agreement and that occasional use of the truck for business purposes other than the business occupation of insured was within the

terms of the policy. Even if the terms thereof were ambiguous, the contract having been prepared by plaintiff would be construed against it.

The judgment below is reversed.

ROBERTS and SMITH, JJ., concur.
SICKEL, J., concurs specially.
RUDOLPH, P.J., and HAYES, J., dissent.

SICKEL, J. (concurring specially). The policy declares: "Item 1. The occupation or business of the named Insured is farmer. Item 5. The purposes for which the automobile is to be used are farm use." The policy also provides: "This policy applies only to accidents which occur and to direct losses to the property insured which are sustained during the policy period while the automobile is * * * owned, maintained and used for the purposes stated as applicable thereto in the declarations."

"Farm use" is the purpose specified in this policy and such use is a condition precedent to the right of recovery. However, these words do not imply that the truck may never be used for any other purpose. Terrasi v. Peirce, 304 Mass. 409, 23 N.E.2d 871. The use of the truck for obtaining repairs and parts for a combine to be used in harvesting respondent's crops was a farm use, and the truck was being used for the purpose specified in the policy at the time of the collision. The use of the truck by respondent for the transportation of cattle to market for hire while holding a Class B carrier permit was not a farm use but significant is the fact the policy contains no provision to the effect that the insurer shall not be liable if damages are incurred while the truck is used for any other purpose than that specified in the policy. The controlling fact here is that the truck was being used for a farm purpose at the time of the collision, not that it was at the same time used for the transportation of property under a motor carriers permit.

I concur in the reversal of the judgment of the circuit court for the reasons stated above.