FRANCISCO QUIÑONES, Plaintiff and Appellee, *v.* TROPICAL BEVERAGES, INC., Defendant; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant and Appellant.

No. 10648. Argued November 13, 1952.—Decided February 11, 1953.

*Juan Enrique Géigel, Guillermo Silva,* and *Luis F. Cuyar,* for appellant. *Pedro N. Colberg* for codefendant. *Antonio Reyes Delgado* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On Sunday, August 22, 1948, two motor vehicles collided in the Military Road between Vega Alta and Bayamón. One of these motor vehicles belonged to Francisco Quiñones Miranda who devoted it to the public service of passenger transportation between Arecibo and San Juan. The other vehicle belonged to Tropical Beverages, Inc., which utilized it in its enterprise or business of preparing, bottling and distributing carbonated beverages. Quiñones' vehicle was seri-

ously damaged in the collision and the passengers traveling therein were injured.

Quiñones Miranda sued Tropical Beverages, Inc., and Indemnity Insurance Co. of North America, which was the insurer of the vehicle belonging to Tropical Beverages, Inc., in the Arecibo Section of the former District Court, for the damages sustained on account of the total loss of his vehicle and the deprivation of its use.[1] He alleged in the complaint that the accident was due solely to the negligence of the driver of the vehicle of the defendant, Tropical Beverages, Inc., who was an employee of the latter, serving some purpose of said defendant's business.

Tropical Beverages, Inc., answered denying the essential averments of the complaint and setting up several special defenses. In a separate answer the insurer also denied the essential averments of the complaint and set up, among other special defenses, the following: (a) that when the accident occurred, the vehicle belonging to Tropical Beverages, Inc., was not being used to serve commercial purposes for the benefit of said enterprise, but that at that moment it was being used for purely personal purposes of some of the employees of Tropical Beverages, Inc., and that the chauffeur driving it was not acting within the scope of his employment as an employee of the aforesaid Tropical Beverages, Inc., and (b) that it is exempt from liability because at the time of the accident the vehicle of the assured was not being used for any of the purposes stipulated in the insurance policy.

After hearing the case on the merits,[2] the court a quo entered judgment granting the complaint and ordered the defendants to pay to the plaintiff $1,932.80, with legal in-

---

[1] The persons who were traveling in Quiñones' vehicle filed in the same court another complaint against the same defendants, claiming damages for their injuries. Both cases were submitted in the court a quo on the same evidence, except that relating to the nature and amount of the damages claimed.

[2] It appears from the record that after hearing the case, Judge A. Román Font entered judgment dismissing the complaint on the ground

terests from the date of the filing of the complaint, plus costs and $450 as attorney's fees, ordering that of said amounts the codefendant Indemnity Insurance Co. of North America should pay jointly with the other defendant the amount of $1,000 (the insurer's limit of liability under the insurance policy in force), plus the costs and attorney's fees in the amount fixed.

Both defendants appealed from said judgment and assigned the following errors:

"First Assignment: The District Court of Puerto Rico, Arecibo Section, erred in deciding that the person who, at the time of the accident that gave rise to this suit, was driving the motor vehicle belonging to the codefendant Tropical Beverages, Inc., was an employee of said codefendant acting within the scope of his employment and for the benefit of his master.

"Second Assignment: The trial court committed an error of law in deciding that under the terms of the insurance policy issued by the codefendant Indemnity Insurance Co. of North America in favor of Tropical Beverages, Inc., and in force when the accident occurred, said Indemnity Insurance Co. of North America was bound to indemnify the plaintiff-appellee for the damages suffered in the accident involved in this suit."

The following facts are beyond any discussion in this appeal: (1) that the vehicle that caused the damages belonged to the defendant Tropical Beverages, Inc.; (2) that at the time of the accident the aforesaid vehicle was being driven by an employee of said defendant; and (3) that the proximate and sole cause of the accident was the negligence of the driver of the aforesaid vehicle.

In deciding that the defendants are liable for the damages sustained by the plaintiff, the trial court concluded (a) that

that the damages claimed had not been proved. The plaintiff moved for reconsideration of said judgment and the same judge set it aside pending the decision of the motion for reconsideration. Meanwhile, Judge Román Font's position became vacant because of his resignation. By stipulation of the parties the case was submitted to another judge of that same court on the stenographic record of the original hearing and certain additional evidence subsequently presented before the judge who entered judgment.

the vehicle of the defendant Tropical Beverages, Inc., was being driven at the time of the accident by one of its agents or employees acting within the scope of his employment as such agent or employee serving some purpose of said defendant, and (b) that at the time of the accident the vehicle of Tropical Beverages, Inc., was being used for one of the purposes covered by the policy, namely, the transportation of materials incidental to the assured's business.

At the trial the defendants-appellants attempted to prove that on the day of the accident the vehicle of Tropical Beverages, Inc., was being used to serve private purposes for the convenience and benefit of some of its employees. Their witnesses testified to this end that the defendant Tropical Beverages, Inc., lent the vehicle involved in the accident to some of its employees, at their request, to go from San Juan to Vega Baja where said employees were having a farewell picnic for one of their former officers, who had resigned the position of manager of the aforesaid defendant corporation; that five or six cases of carbonated beverages manufactured by this defendant and given to its employees for the party were transported that day in said vehicle; that Tropical Beverages, Inc., was not bound to pay nor did it pay for the services rendered on said day by the employee who drove its vehicle, said services having been rendered gratuitously.

██ Discussing the first error assigned the appellants argue that for a correct and legal application of the principle contained in § 1803 of our Civil Code, to render the employer liable, it is an indispensable prerequisite that the actor guilty of the tortious act or omission be his employee and acting within the scope of his position or employment for the benefit of his master. To that effect they cite those cases in which we have refused the employer's liability when the employee has not acted "on account of his duties," *Rivera* v. *Maldonado*, 72 P.R.R. 448; or when the employee acts for his own benefit and for his own convenience, *Díaz* v. *Rodríguez*,

69 P.R.R. 495; *Vigio* v. *Cartagena*, 71 P.R.R. 665, or when his chauffeur or employee deviates from his work to accomplish some purpose foreign to the duties of his employment, *Acosta* v. *Crespo*, 70 P.R.R. 223. They also cite those other cases wherein we have also held that the lessor or bailor of a vehicle is not liable for the damages caused by said vehicle while it is being driven by the lessee or bailee or an agent of the latter, *Hernández* v. *De Jesús*, 70 P.R.R. 1.

The difficulty in applying to this case the foregoing doctrines is that the appellants assume as a fact that the court *a quo* found that the pickup truck of the codefendant Tropical Beverages, Inc., had been lent by said enterprise to several of its employees for the latter to go to the party, when in fact said court made no such finding. On the contrary it did not believe the evidence presented by the defendants tending to establish that fact. It would not be correct to affirm, as the appellants do, that their evidence on this point was not contradicted. The court *a quo* admitted in evidence a labor accident report signed and rendered by the president of Tropical Beverages, Inc., to the State Insurance Fund stating that the workman (chauffeur Juan Bautista Pérez) "was performing his usual work when he suffered the accident." The accident referred to in said report is the same accident that gave rise to this suit.

The fact that from the report itself it follows that the admission contained therein was not made on the basis of the personal knowledge of the informant, who on the date of the accident was not in Puerto Rico, does not alter the nature and value of such admission, which admission is clearly inconsistent with the theory developed by the defendants during the hearing of the case on the merits.

Reports of this nature made to administrative authorities in pursuance of law may be used as admissions even though not founded on personal knowledge. 4 Wigmore *On Evidence*, p. 99, § 1073 (5). Said text writer himself, in

the quotation copied below, sets forth the reasons for the admission of this kind of evidence.

"A primary use and effect of an admission is to discredit a party's claim by exhibiting his inconsistent other utterances (*ante,* § 1048). It is therefore immaterial whether these other utterances would have been independently receivable as the testimony of a qualified witness. It is their inconsistency with the party's present claim that gives them logical force.

"(1) In particular, *personal knowledge,* as indispensable to a witness (*ante,* § 656), is here not required. If the party-opponent, for example, now claims that his contract, made by an agent in France, entitles him to a cargo of silk sheetings, his statement last month that his contract called for a cargo of silk ribbons would discredit his present claim, even though it may be apparent that in neither case could he speak from personal knowledge. The conflict of claims is the significant circumstance, and the element of personal knowledge merely increases or lessens that significance. Since a party may make a claim and file averment of pleadings without regard to personal knowledge of the facts, it would be fallacious to exact, in his contrary admissions, an element of personal knowledge which is not required for the original advancement of his claim. Such a requirement is repudiated in the better judicial view. . . . . . ." (Footnotes omitted.) 4 Wigmore, *op. cit.,* § 1053, p. 12.

See cases cited in footnote 2, and especially *London Guarantee & Accident Co.* v. *Woelfle,* 83 F. 2d 325; *Fitzgerald* v. *Lozier Motor Co.,* 154 N. W. 67; *Grodsky* v. *Consolidated Bag Co.,* 26 S. W. 2d 618; *Little Fay Oil Co.* v. *Stanley et al.,* 217 Pac. 377.

■■ The fact that the admission presented in evidence is not founded on the personal knowledge of the party making it, may affect its probatory value, but it is incumbent upon the trial court, and not on us, to determine that. In making its findings of fact, the court *a quo* considered the entire evidence, oral as well as documentary, presented by the one and the other parties and believed that of the plaintiff and

not that of the defendant.[3] In thus acting it resolved the conflict arising out of the evidence as to whether or not the employee of Tropical Beverages, Inc., was acting within the scope of his employment as such employee, while driving the vehicle that caused the damages. The action of the lower court will not be reversed on appeal in the absence of a showing that said court acted under the influence of passion, prejudice or partiality, or committed manifest error in the weighing of the evidence. *People* v. *Rodríguez*, 67 P.R.R. 688 and cases cited at p. 693; *Peña* v. *Heirs of Blondet*, 72 P.R.R. 8.

■■ Having determined the liability of Tropical Beverages, Inc., that of the insurer remains to be determined. Pursuant to the provisions of the insuring clause No. 2, the insurer binds itself "To pay all sums which the Assured shall become liable to pay for damages imposed by law on account of damages to property of others . . ." The "Declarations" attached to the policy provide that "The described automobile will be used principally in the Island of Puerto Rico, and only for the purposes defined in the following Schedule of Uses under Sub-Division 'B–1' SCHEDULE OF USES . . . (B) Commercial–(1) Transportation of materials and merchandise incidental to the Assured's business or occupation described herein. . . ." The policy provides coverage for the assured corporation "As respects accidents sustained . . . by reason of . . . the use thereof [of any automobile] as disclosed in the Declarations." Therefore, the question boils down to determining whether the transportation of the cases of refreshment was in such a way incidental to the assured's

---

[3] In addition to the evidence appearing in the stenographic record of the original hearing before another judge, the judge who entered judgment heard oral evidence presented by the defendants on the main fact in controversy, that is, on the use to which the vehicle of Tropical Beverages, Inc., had been put at the time of the accident. Such evidence consisted in the testimony of César Parés, manager of the aforesaid corporation, and said testimony was to the effect that on said day he had lent the vehicle to the employees of the corporation to go to a party.

business that when the accident occurred the vehicle was being used commercially. The court *a quo* concluded that it was, stating:

"We have decided that at the time of the accident the vehicle of the assured was driven by its chauffeur, within the scope of his employment; that at that time the vehicle of the assured transported to the latter's plant in San Juan empty cases and bottles belonging to the assured which were being returned to it after the contents thereof had been disposed of; that it is a practice of the assured's business to give away refreshments for advertisement purposes, and that the persons using the refreshments manufactured by the assured, either by means of a purchase or as a gift, must return to the assured its empty bottles or cases which the assured picks up and takes to the plant in its own vehicles. Consequently, we now decide that the vehicle was being used for one of the purposes covered by the policy, namely, the transportation of materials incidental to the assured's business."

The liability of the insurer is limited by the provisions of the insurance policy. Although for it to be liable the assured must also be liable, *Bithorn* v. *Santana*, 68 P.R.R. 281, the same situation does not hold contrariwise, that is, the fact that the assured is civilly liable does not mean that the insurer must also be liable. This is so because the liability of the assured depends on the provisions of § § 1802 *et seq.*, whereas the liability of the insurer is limited to the provisions of the insurance policy. Thus, the liability of Tropical Beverages, Inc., depends on the fact that at the time of the accident the driver of the vehicle had been driving it within the scope of his employment, in addition to the fact that, of course, the elements of the fault or negligence must be proved. The liability of Indemnity Insurance Co., depends, however, on the fact that at the time of the accident the vehicle had been put to the commercial use described in the policy. Was that the situation? We think that, under the proven facts, we must answer that question in the affirmative. The only requirement of the policy is that the

transportation of materials or merchandise be *incidental* to the business of the assured. *Journal Co.* v. *General Acc. Fire & Life Assur. Corporation*, 205 N. W. 800, construed a clause in an insurance policy requiring that the vehicles insured thereunder had to be used for the transportation of materials and merchandise in *connection* with the assured's business. The assured employer—a newspaper publisher—conducted a gathering with its newsboys and provided them with refreshments. At the close of the meeting, it ordered the newsboys to be taken to their homes in a vehicle belonging to the company, which carried, besides, the empty bottles of refreshments and a package of newspapers. At that moment, an accident occurred. It was held that said articles constituted materials and merchandise and that their carriage was in connection with the assured's business as newspaper publisher and the court held, at page 802, that "Even though it be argued that the carriage of these articles was a mere incident, and that the dominant purpose of the use of the automobile at that time was the return of the newsboys to their homes, still the policy does not require that the carriage of merchandise or material shall be the dominant purpose for which the automobile is then being used." The decision of the instant case is made easier because the only requirement of the policy is that the transportation of materials and merchandise be *incidental* to the business of the assured. Even assuming that the dominant purpose was to transport a group of employees to a picnic and to take them back to their homes, however, there is no doubt that materials and merchandise were also transported, to wit, the bottles of refreshments that the driver of the vehicle had to return to the plant, such transportation being incidental to the assured's business. As to the meaning of the word "incidental" in an insurance policy, see *Heritier* v. *Century Indemnity Co.*, 162 Atl. 573.

Finally, inasmuch as the insurer chose the wording of the policy, we must construe any doubt or ambiguity

against it and in favor of the assured and in thus construing the policy we decide that at the time of the accident the vehicle was being used incidentally to the business of the assured within the language used therein. Besides, it has been held that a clause of the nature of that under consideration means, merely, that the use described therein must be the regular and dominant use to which the vehicle must be put, but this does not mean that that is the only use to which the vehicle may be put and that should an accident occur while it is put to another use, that does not preclude recovery under the policy. *Terrasi* v. *Pierce*, 23 N. E. 2d 871; *Firemen's Ins. Co.* v. *Rye*, 254 S.W. 465; *Sunshine Mut. Ins. Co.* v. *Addy*, 47 N. W. 2d 285 (concurring opinion).

 Now, although the court *a quo* did not commit the errors assigned and discussed by the appellants, we must not affirm the judgment appealed from without first modifying it. Said judgment is erroneous insofar as it grants interest from the date of the filing of the complaint. In cases of this nature the granting of interest lies only from the date the judgment is rendered. *Martínez* v. *Báez*, 63 P.R.R. 751; *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 663 and cases cited at p. 665.

The judgment appealed from will be modified in the sense of ordering the payment of interest only from the date of the judgment, and thus modified, it will be affirmed.

