JOSEPH H. DESMARAIS *vs.* STANDARD ACCIDENT INSURANCE COMPANY & others.

Suffolk. February 1, 1954. — March 5, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Insurance,* Motor vehicle liability insurance.

The fact that one was standing on private property outside the line of an adjacent public way when he was struck and injured by the rear end of a motor truck while it was backing from the way onto such property and was still in greater part upon the way did not remove his injuries from the coverage of a policy of compulsory motor vehicle liability insurance applicable to the truck.

BILL IN EQUITY, filed in the Superior Court on March 12, 1951.

The suit was heard by *Nagle, J.*

*James A. Whipple,* for the plaintiff.

*Russell J. Coffin,* for the defendant Standard Accident Insurance Company.

RONAN, J. This is a bill brought under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply in satisfaction of the judgment obtained by the plaintiff the obligation of the insurance company under a policy of compulsory liability insurance as defined by G. L. (Ter. Ed.) c. 90, § 34A, which was issued to the individual defendants and covered the truck which caused the injury to the plaintiff. The plaintiff appealed from a final decree dismissing the bill.

The plaintiff, an employee of a partnership composed of the personal defendants engaged in the business of furniture moving, had with others removed a piano to the concrete platform just outside the front entrance of a house and was standing by the piano waiting for the truck owned by the partnership and operated by one of the partners to be backed up to the platform in order to load the piano. The lowest step leading up to the platform set back a little less than seven feet from the line of the public way. The truck, which was twenty-two feet long with its tailboard three feet wide and extended horizontally, had made an unsuccessful attempt to back up to the platform. On the second attempt, more power was applied by the operator, and after passing over a ridge of snow in the gutter, its rear wheels passed over the public sidewalk and stopped as the tailboard struck the plaintiff's leg as it reached the platform. The partnership carried no workmen's compensation insurance.

The compulsory motor vehicle insurance act, G. L. (Ter. Ed.) c. 90, §§ 34A–34J, with which the policy in question complied, defines in § 34A "motor vehicle liability policy," and in so far as now material provides for indemnity for personal injury including death and consequential damages, "arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle," to an amount of not less than $5,000 on account of an injury to or death of any one person. The words "upon the ways of the commonwealth" mean public ways within the Commonwealth, *Terrasi* v. *Peirce*, 304 Mass. 409, or one "laid out under the authority of statute," within G. L. (Ter. Ed.) c. 90, § 1. *General Accident Fire & Life Assurance Corp. Ltd.* v. *Brow,* 327 Mass. 225.

We are not confronted with the question whether the operation or use of the truck was the direct and proximate cause of putting the highway in a condition dangerous and unsafe for travellers thereon. *Caron* v. *American Motorists Ins. Co.* 277 Mass. 156. *Mullen* v. *Hartford Accident & Indemnity Co.* 287 Mass. 262. *Diggins* v. *Theroux,* 314

Mass. 735. *Perry* v. *Chipouras*, 319 Mass. 473. Compare *General Accident Fire & Life Assurance Corp. Ltd.* v. *Hanley Oil Co. Inc.* 321 Mass. 72, which did not involve a compulsory liability policy so called. The question here is not whether the plaintiff was injured by the negligent operation of a motor vehicle but rather whether he is outside the coverage of a compulsory liability policy because when struck by the truck he happened to be about seven feet inside the property line in the performance of his duties while the major portion of the truck was then being actually operated upon the public way.

We agree that the predominant and fundamental purpose of such insurance is to provide compensation for injuries or death incurred by travellers upon the public ways resulting from the operation of motor vehicles. *Opinion of the Justices*, 251 Mass. 569, 596. *Rose* v. *Franklin Surety Co.* 281 Mass. 538, 540. *Wheeler* v. *O'Connell*, 297 Mass. 549, 553. *Service Mutual Liability Ins. Co.* v. *Aronofsky*, 308 Mass. 249, 252. In *Phillips* v. *Stone*, 297 Mass. 341, 342, where the injury occurred in a private driveway, it was decided that the resulting liability did not come within the compulsory motor vehicle liability policy. See also *Terrasi* v. *Peirce,* 304 Mass. 409, 410, and cases cited. These and similar cases fix the location of the motor vehicle causing the injury, but they do not fix the place where the actual injury is sustained. There are instances where persons have been injured when struck by a stone thrown by the action of one of the tires of a truck while it was being operated on a public way, *Sylvester* v. *Shea*, 280 Mass. 508, or when struck by some part of a vehicle which had become detached while it was being driven along the way, *Regan* v. *Cummings*, 228 Mass. 414; *Van Steenbergen* v. *Barrett*, 286 Mass. 400. The fact that the detached part was projected onto private property and brought about the injury there did not bar recovery in *Facteau* v. *Gould*, 310 Mass. 105. In *Milliman* v. *Coulter*, 301 Mass. 320, a pedestrian standing in a private driveway a few feet in from the public way was struck by the side of an automobile travelling upon the public way.

Where negligence of the operator is proved and a judgment obtained against him, we see nothing in the insurance statute that should prevent the injured person from having recourse to the policy in satisfaction of the judgment merely because when injured he was upon private property provided the cause of the injury was the operation of a motor vehicle partially at least upon a public way.

The compulsory motor vehicle insurance act is a remedial statute and has been broadly construed to carry out its beneficent purpose. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 536. *Caccavo* v. *Kearney*, 286 Mass. 480, 484. The well settled principles covering the interpretation of an ordinary policy of insurance have been properly disregarded in determining the scope and extent of a compulsory motor vehicle policy in order to accomplish the legislative aim of providing compensation to those who have been injured by automobiles. *Wheeler* v. *O'Connell*, 297 Mass. 549, 553–554. *Sheehan* v. *Goriansky*, 321 Mass. 200, 203. The words of a statute are to be given their plain and ordinary import and are not to be stretched beyond their fair meaning in order to relieve against what may appear to be a hard case. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 243. *Grove Hall Savings Bank* v. *Dedham*, 284 Mass. 92. *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 317 Mass. 694. As we have already pointed out, the aim of the statute is to compensate for injuries or death caused by the operation of motor vehicles on the highways. Of course, in nearly all instances the place where the injury occurred will be on the public way. The statute, however, does not mention the place of the injury. It does not say that only a traveller may recover. The Legislature seems to have been concerned more with the cause of the injury or death, that is, the operation of the vehicle on the way, than with the place where the victim was at the time the injury was received. A statute must be so interpreted as to remedy the mischief and eliminate the evils existing under preëxisting law as intended by the enactment if such an interpretation is reasonably possible. *Armburg* v. *Boston*

& *Maine Railroad,* 276 Mass. 418, 426. *Ahmed's Case,*
278 Mass. 180, 185–186. *Dexter* v. *Dexter,* 283 Mass. 327,
330–331. *Lehan* v. *North Main Street Garage, Inc.* 312
Mass. 547. *Boston* v. *Quincy Market Cold Storage & Ware-
house Co.* 312 Mass. 638. *Curran, petitioner,* 314 Mass. 91.
We think the compulsory motor vehicle liability policy as
defined by G. L. (Ter. Ed.) c. 90, § 34A, covers the instant
case.

The case of *Santa Maria* v. *Trotto,* 297 Mass. 442, does
not involve the application of a compulsory motor vehicle
liability policy. It merely decided that the statute, G. L.
(Ter. Ed.) c. 90, § 2, regulating the registration of motor
vehicles, did not apply to the operation of a vehicle partially
on a public way and partially on private property where it
caused the injury, and so far as there may be anything
inconsistent in that case with what is here said we do not
follow it.

There are to be sure general statements in our decisions to
the effect that the accident did not happen upon a public
way or that the statute was intended for the protection of
travellers but in none of these were the facts similar to
those in the instant case and in none of these was the ques-
tion now raised, presented and decided. See, for example,
*Rose* v. *Franklin Surety Co.* 281 Mass. 538, 540; *Sleeper* v.
*Massachusetts Bonding & Ins. Co.* 283 Mass. 511, 512;
*MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass.
105, 107; *Terrasi* v. *Peirce,* 304 Mass. 409, 410; *Kennedy*
v. *Consolidated Motor Lines, Inc.* 312 Mass. 84, 87.

It results that in the opinion of a majority of the court
the final decree must be reversed and a decree entered that
the individual defendants are liable in the amount of the
judgment found against them with interest from the date of
judgment and ordering the insurance company to pay in
partial satisfaction of said judgment the sum of $5,000
together with interest on said sum from the date of the
judgment to the date of payment.

*So ordered.*