*Southern District*

**ADMIRAL DISTRIBUTING CORPORATION**
**v.**
**EDITH P. HURWITZ ET AL AND TRUSTEE**

*Present:* Nash, P. J., Callan & Sgarzi, JJ.

Case tried to *Colten, J.,* in the Municipal Court of Brookline. No. 197-1959.

*Callan, J.* Action of contract commenced by trustee process in which the plaintiff seeks to recover money claimed to be due under two written contracts of guaranty. The only de-

fendant with whom we are concerned is Edith P. Hurwitz.

The writ, the ad damnum of which is $6,500.00, recites that it is an action of contract for "monies due under an *instrument* in writing". No bond was filed as is required by the provisions of G. L. c. 246, §1. The defendant, Edith P. Hurwitz, appearing specially filed a motion to dismiss the action on the following grounds:

1. This action has been commenced by trustee process and does not conform with the provisions of G. L. (Ter. Ed.) c. 246, §1 as amended relating hereto.

2. It appears from the plaintiff's declaration that there is a misjoinder of parties defendant in this action.

After a hearing, the judge allowed the motion and the plaintiff claims a report on the judge's action.

There was no error. G. L. c. 246, §1 provides that:

"all personal actions, except tort for malicious prosecution, for slander or libel, or for assault and battery, and except replevin, may be commenced by trustee process, and any person may be summoned as trustee of the defendant therein; but except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing or in tort to recover damages on account of the operation of a motor vehicle, etc., no writ, the ad damnum of which is in excess of one

thousand ($1,000.00) dollars shall be served on any alleged trustee unless there shall have been filed by the plaintiff a bond, etc."

This section of the statute was enacted to prevent the abuse of the power to attach on trustee process and makes the filing of a bond imperative in all but the five enumerated classes of cases and that the writ contain a statement that the action is one of these five classes. *Farber v. Lubin,* 327 Mass. 128.

Assuming without deciding, that the alleged contract of guaranty upon which this action is based is one "for money due under a contract in writing", the plaintiff failed to so state this fact in its writ and it is fatal to the action against the defendant Edith P. Hurwitz. *Redfield v. Albert Shoe Company,* 335 Mass. 208; *Bean v. 399 Boylston Street, Inc.,* 335 Mass. 595.

Statutes are to be construed strictly and in accordance with the common and approved usage of the language considered in connection with the cause of its enactment. *A. Belanger and Sons, Inc. v. Joseph M. Concannon Corp.,* 333 Mass. 22; *Desmarais v. Standard Accident Ins. Co.,* 331 Mass. 199. The use by the plaintiff in its writ of the word "instrument" instead of the word "contract" is not in compliance with the wording of the statute. A written contract may be construed as an instrument, but every instrument is not necessarily a contract. *Rockland-Atlas National Bank v. Mass. Bonding and Ins. Co.,* 338 Mass. 730. In order for the clerk of the Court

to know whether to accept the writ for filing without a bond as required by the section, it must clearly appear from the language used in the writ that the action is included within the five exceptions hereinbefore mentioned.

It, therefore, becomes unnecessary for us to consider the other grounds for dismissal so far as the defendant Edith P. Hurwitz is concerned.

*The report is ordered dismissed.*