STANLEY HARAKIEWICZ & another *vs.* MARY DAKAS
& others.

Worcester.   March 4, 1963. — March 12, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Insurance,* Motor vehicle liability insurance.

Injuries sustained by occupants of a motor vehicle on private property
fifteen to twenty feet from the line of a State highway when it was
struck by another motor vehicle which went out of control on the high-
way and entered upon the private property arose "out of the . . . oper-
ation . . . [of the second motor vehicle] upon the ways of the com-
monwealth" within G. L. c. 90, § 34A, as amended, and were covered
by the policy of compulsory motor vehicle liability insurance applicable
to the second motor vehicle.

BILL IN EQUITY filed in the Superior Court on July 15,
1960.

The suit was heard by *Meagher, J.*

The case was submitted on briefs.

*Richard S. Smith* for Westchester Fire Insurance Com-
pany.

*Seymour Weinstein* for the plaintiffs.

CUTTER, J.   This is a bill to reach and apply, in satisfaction of judgments obtained by the plaintiffs, the obligation of Westchester Fire Insurance Company (Westchester) under a compulsory automobile liability insurance policy issued to one Gogas, an individual defendant.   The policy covered the vehicle which injured the plaintiffs on September 22, 1957.   The trial judge found that this vehicle, driven by the defendant Dakas, ''was proceeding at a high rate of speed and went out of control upon the public way, entered upon . . . [private] property . . . and struck the plaintiffs' car.''   The plaintiffs' automobile was then upon property occupied by a Howard Johnson restaurant at a point ''fifteen to twenty feet from the line of the State highway.''   The judge ruled that the accident was within the policy coverage, i.e., providing indemnity for bodily injuries ''arising out of the . . . operation . . . [of the vehicle] upon the ways of the commonwealth.''   Westchester appealed.

The judge's ruling was correct.   See *Desmarais* v. *Standard Acc. Ins. Co.* 331 Mass. 199, 200–203, and cases cited. Here the cause of the injury was the negligent operation of the vehicle upon a public way.   In view of the terms of the coverage, it is immaterial that the impact of Gogas's automobile upon the plaintiffs, and their injuries, caused by the operation upon the highway, occurred after the entire automobile had left the highway and had entered upon private property.   See G. L. c. 90, § 34A (as amended through St. 1949, c. 571, § 1[1]).

*Decree affirmed with costs*
*of the appeal.*

---

[1] See later amendments by St. 1959, c. 282, § 3, and St. 1961, c. 177, § 3.