(No. 38002.—

PHILIP H. HENDERSON, Appellant, *vs.* JAMES NEWLAND.— (BANNER MUTUAL INSURANCE COMPANY, Appellee.)

*Opinion filed March 18, 1964.*

DIVER, DIVER AND RIDGE, of Waukegan, (ROBERT M. BOLLMAN and LOUIS W. BRYDGES, of counsel,) for appellant.

BRODY AND GORE, and ROBERT B. JOHNSTONE, both of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

On April 4, 1961, Philip H. Henderson recovered a judgment in the circuit court of Lake County against James Newland and Robert Supanich in the amount of $3500 for personal injuries and property damage resulting from a collision between an automobile driven by Henderson and

an automobile driven by Newland who was towing a racing automobile being operated by Supanich. In a supplementary proceeding the court entered an order against Banner Mutual Insurance Company, Newland's insurance carrier, to pay the judgment. The Appellate Court, Second District, reversed the order against the insurance company, (*Henderson* v.. *Newland,* 41 Ill. App. 2d 263) and we thereafter granted Henderson's petition for leave to appeal.

The insurance policy among other things provides, "This policy does not apply under coverages A and B while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company." Coverage "A" is bodily injury liability and coverage "B" is property damage liability. The parties stipulated that at the time of the accident the automobile covered by the policy was towing a racing automobile owned by the insured and not covered by like insurance in the company. The Appellate Court held that the racing car was being used as a trailer at the time of the accident within the meaning of the above-quoted exclusionary clause of the insurance policy.

Whether a towed racing car constitutes a trailer within the meaning of the exclusionary clause has not heretofore been decided by this court. Two decisions from other States have been cited, however, which have decided this question.

*Safeguard Insurance Company* v. *Justice,* 203 Va. 972, 128 S.E.2d 286, held that a towed racing car was not a trailer within the meaning of the exclusionary clause here in question. In reaching this result the Virginia court stated (p. 977) : "The policy covers the protection sought unless it is excluded by its terms. There is nothing in the policy that says a towed automobile is a 'trailer'. The insurer, by the use of appropriate words in the policy, could have said so. A towed automobile is not considered a trailer in common parlance." See also *Littlefield* v. *Phoenix Indemnity Insurance Co.* 86 N.H. 87, 163 Atl. 420.

*Blue Ridge Insurance Company* v. *Haun,* 197 Tenn. 527, 276 S.W.2d 711 on the other hand, held that a towed racing car was a trailer within the meaning of this exclusionary clause. The Tennessee court stated (p. 535): "Of course the 'hot rod' set out by itself might be an automobile and not a trailer but the thing that determines whether or not it is a trailer is the manner in which it was being used under the facts of the instant case that is the determinative answer, not what it is alone when not attached to the automobile."

The insurance company argues that the exclusionary clause covers "the *use* of the insured vehicle *for towing purposes* unless an additional premium has been paid to the company for the vehicle or other contrivance being towed." If this language had been used in the policy, there is little doubt but that the company would be relieved of liability. But this is not the language which the company chose to use in drafting its policy. It chose rather to exclude coverage only where the insured automobile was towing "any trailer owned or hired by the insured and not covered by like insurance in the company." The language the company used does not exclude all towing nor does it exclude towing all trailers.

· The company makes much of the fact that there is an increased risk caused by using the automobile for towing. This may be true, but the fact remains that the language used did not "prohibit the use of the insured vehicle for towing purposes" as the company insists—it merely excluded coverage "while the automobile is used for the towing of any trailer owned or hired by the insured." Nor does it matter that the company did not intend to cover "the *use* of the insured automobile as a *towing vehicle*" in the absence of language expressing this intent.

The insurance company has in its answer to the petition for leave to appeal and answering brief expressed itself clearly, concisely and ably that it does not choose to cover

the additional risk caused by the use of the insured vehicle while being used for towing purposes unless an additional premium is paid for this type of use. If the insurance company wants its policy to be given this effect it must use that type of language rather than ask this court to hold that an automobile is a trailer. We hold that the exclusion of liability for the towing of any trailer does not apply to the towing of an automobile.

The judgment of the Appellate Court is reversed.

*Judgment reversed.*