Philip H. Henderson, Plaintiff-Appellee, v. James Newland, Defendant-Appellee (Banner Mutual Insurance Company, Respondent-Appellant).

Gen. No. 11,688.

Second District, Second Division.

May 23, 1963.

Brody and Gore, and Robert B. Johnstone, of Chicago, for appellant.

Diver, Diver and Ridge, of Waukegan (Robert M. Bollman and Louis W. Brydges, of counsel), for Philip H. Henderson, appellee.

SPIVEY, J.

On April 4, 1961, plaintiff-appellee, Philip H. Henderson, recovered a judgment against the defendant-appellee, James Newland, and one Robert Supanich in the amount of $3500 for personal injuries and property damage.

The Circuit Court of Lake County in a supplementary proceeding entered an order on June 22, 1962, ordering the respondent-appellant, Banner Mutual Insurance Company, to pay plaintiff-appellee the aforesaid judgment together with interest and court costs to satisfy said judgment. This appeal is from the order of June 22, 1962.

The court heard the supplementary proceeding on a stipulation of facts and exhibits.

The stipulation provided:

"It is hereby stipulated and agreed by and between the parties hereto through their respective counsel that the following facts in connection with the above entitled matter before this Honorable Court are true and undisputed:

"1. That on or about the 13th day of October, 1960, plaintiff herein, Philip H. Henderson, commenced suit against the defendants, James Newland and Robert

Supanich, for personal injuries and property damages allegedly arising out of an accident which occurred on Route #83 in Lake County, Illinois, on the 25th day of June, 1960.

"2. That at the time of the aforesaid accident, plaintiff Philip H. Henderson was driving his automobile north on said Route #83 and at said time and place defendant was driving his automobile south on said Route #83.

"3. That at the time of the accident and immediately prior thereto, James Newland was driving a 1955 Pontiac as aforesaid and was also pulling behind his Pontiac another vehicle which was being steered by defendant, Robert Supanich, said vehicle being a Dodge racing automobile which had been purchased by the defendants, Newland and Supanich, within thirty (30) days prior to the time of the accident.

"4. That the said motor vehicle owned and driven by the defendant, James Newland, was pulling the said Dodge racing automobile owned by the defendants Newland and Supanich, as aforesaid, with a piece of chain, and the said Robert Supanich was steering the Dodge automobile and manipulating the brakes thereon in order to maintain control of the Dodge automobile immediately prior to and at the time of the accident in question.

"5. That on the 4th day of April, 1961, judgment was entered in aforesaid suit commenced by Philip H. Henderson in the Circuit Court of Lake County, Illinois, in favor of the plaintiff, Philip H. Henderson, and against the defendants, James Newland and Robert Supanich for the sum of Three Thousand Five Hundred and no/100 ($3,500) Dollars on which judgment the sum of Three Thousand Five Hundred and no/100 ($3,500) Dollars plus court costs and interest now remains unpaid and is due and owing from the defendants to the plaintiff as specified herein.

"6. That James Newland was issued a policy of automobile liability insurance by the respondent to this citation proceeding, to-wit: Banner Mutual Insurance Company, and the said policy of insurance being Policy #AC44507 was effective 12:01 o'clock a. m. Standard Time on April 27, 1960 to 12:01 a. m. Standard Time April 27, 1961, and that the original of that insurance contract may be introduced in evidence in this matter.

"7. That the defendant, James Newland, did not nor has not lost his driver's license, driving privileges or license plates under the so called Safety Responsibility Act of the State of Illinois as a result of the accident in question.

"8. That the respondent, Banner Mutual Insurance Company, did not disclaim liability insurance coverage in regard to James Newland as a result of the aforesaid accident to the Secretary of State of the State of Illinois under the so called Safety Responsibility Act of the State of Illinois, but did however on the 11th day of October, 1960, disclaim coverage to the defendant, James Newland.

"9. Said policy of insurance reads as follows under 'Exclusions': (c) 'This policy does not apply under coverages A and B while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company.' (s) 'This policy does not apply under coverages A, B, C, D, E, F, and G, while the automobile is engaged in any race or other competitive contest or any speed test.'

"10. Said policy covered a 1955 Pontiac Convertible, Serial #S #P855H–71062."

Plaintiff's exhibits consisted of the original policy mentioned in paragraph 6 of the stipulation and an

SR–21 Form admittedly received by respondent-appellant from the Department of Public Works and Buildings, Division of Highways, State of Illinois, and admittedly not returned to that department.

Banner Mutual Insurance Company's policy No. AC44507 contained the following provisions pertinent to this review:

"Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

Insuring Agreements.

"I  Coverage A—Bodily Injury Liability. . . .

"Coverage B—Property Damage Liability. . . .

"Iv  Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance.

"(a)  Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word 'automobile' means:

"(1)  Described Automobile—the motor vehicle or trailer described in this policy;

"(2)  Trailer—under coverages A, B and division 1 of coverage C, a trailer not described in this policy, if designed for use with a private passenger automobile, if not being used for business purposes with another type automobile, and under division 1 of coverage C, if not a home, office, store, display or passenger trailer;

"(3)  . . .

"(4)  . . .

Exclusions

"This policy does not apply:

267

"(c) under coverages A and B, while the automobile is used for towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company;

Conditions

"9. Financial Responsibility Laws—Coverages A and B. When this policy is certified as proof of financial responsibility for the future under the provisions of the motor financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Two questions are presented for our determination viz.: was the towed vehicle, a trailer, contemplated under section (c) of the exclusion provisions of the insurance contract and was Banner Mutual Insurance Company's failure to complete and return Form SR–21 to the Department of Public Works and Buildings a waiver of any right to deny liability under the policy.

■■ In construing the instant policy certain rules are basic. An insurance contract should be con-

strued in its entirety and in such a manner as to give effect to all of its provisions if possible. (Scapes v. Orr, 2 Ill App2d 363, 119 NE2d 479, and Schevers v. New York Life Ins. Co., 29 Ill App2d 372, 173 NE2d 582.) "The rule that insurance contracts should be construed liberally in favor of the insured and strictly against the insurer applies only where the language used is ambiguous, and when there is no ambiguity in the terms of the insurance contract neither party should be favored in its construction. The rule does not authorize a perversion of language for the purpose of creating an ambiguity where none exists and it furnishes no warrant for avoiding hard consequences of the contract by forcing an unusual and unnatural meaning from plain words under the guise of construction." ILP Insurance, Sec 150, and supported by cases cited thereunder.

The reviewing courts of this State have not heretofore been called upon to interpret the language of this particular exclusionary clause of the policy.

In the main, three cases have been suggested that are analogous to the instant case. McConnell v. Underwriters of Lloyds of London, 16 Cal Rptr 363, 365 P2d 418, Eastern Trans. Co. v. Liberty Mut. Cas. Co., 101 NH 407, 144 A2d 911, and Blue Ridge Ins. Co. v. Horn, 197 Tenn 527, 276 SW2d 711.

In the McConnell case it was stipulated that the air compressor being towed was *not a trailer* but special mobile equipment. The court's decision hinged on the stipulation negating the vehicle as a trailer and held that special mobile equipment was not excluded under the policy. The instant case differs in the important respect that while the vehicle was stipulated to be a "racing automobile" the stipulation did *not negative* the vehicle being a trailer.

The Eastern Transportation Company case was decided upon the theory that the towing of a temporari-

ly disabled vehicle for the purpose of starting it did not come within a similar policy exclusion.

The Supreme Court of Tennessee in Blue Ridge Ins. Co. v. Horn, 197 Tenn 527, 265 SW2d 711, had for its consideration an almost identical case. In a well reasoned opinion, including an opinion on rehearing in which interested intervenors filed briefs and arguments, that court concluded that a "hot rod" or "racer" being towed was a trailer under an exclusionary clause identical to Banner Mutual Insurance Company's policy.

The policy provisions in the Blue Ridge case were for the purpose of this opinion identical. The only difference in the factual matter was that in that case the racer was being towed by a tow-bar which broke causing the accident, whereas in the instant case the towing was accomplished by the use of a chain with Robert Supanich in the racing automobile to steer and apply the brakes.

We fail to see a difference in the two methods of towing insofar as the terms of the policy are concerned in that both methods constitute towing. The relative hazards arising from the two operations is only in degree. It stands to reason and has been so held that any towing creates an added hazard to some degree.

In the Blue Ridge case it was said, "Of course the 'hot rod' set out by itself might be an automobile and not a trailer but the thing that determines whether or not it is a trailer is the manner in which it was being used under the facts of the instant case that is the determinative answer, not what it is alone when not attached to the automobile."

We conclude as did the Tennessee court that the policy involved is not ambiguous and we choose to adopt the reasoning in the Blue Ridge case.

270

Under Insuring Agreements, Section IV(a)(1), all trailers *described* in the policy are insured, as are trailers not described in the policy if designed for use with a private passenger automobile, if not being used for certain excluded purposes, by Section IV(a)(2).

Section (c) of Exclusions excludes from coverage any other trailer not covered by Sections IV(a)(1) and (2) of Insuring Agreements while being towed and owned or hired by the insured unless covered by like insurance in the company.

Banner Mutual Insurance Company has by the terms of its policy chosen to insure certain acts of towing [Insuring Agreements IV(a)(1) and (2)], and exclude other towing operations [Exclusions (c)]. This it may properly do.

The racing automobile involved in the instant case was not designed to be towed by a private passenger automobile, not designated in the policy, nor covered by like insurance in the company.

We conclude therefore that the racing automobile in question was a trailer contemplated under Paragraph (c) of Exclusions.

█ Appellee's argument that Banner Mutual Insurance Company has waived its right to deny coverage by failing to complete and return Form SR–21 to the Division of Highways is without merit.

Paragraph 9 entitled "Conditions" of the policy is only applicable when the policy has been certified as proof of financial responsibility for the future as provided by the Financial Responsibility Law under Section 7–315 thereof (Ill Rev Stats 1961, c 95½, § 7–315).

The named insured defendant has not by his previous conduct brought himself within the provisions of the Financial Responsibility Act. Further there is no showing that the instant policy has been certified

■■■■■■■■■■■■■■■

as provided by said Section 7–315 (Western States Mut. Ins. Co. v. Standard Mut. Ins. Co., 26 Ill App2d 378, 167 NE2d 833, and McCann for the Use of Osterman v. Continental Cas. Co., 6 Ill App2d 527, 128 NE 2d 624).

For the reasons herein expressed the order of the Circuit Court of Lake County of June 22, 1962, is reversed.

Reversed.

WRIGHT, PJ and CROW, J, concur.